# WILLIAM HAMILTON vs. WILLIAM THOS. VALIANT.

## Purchaser at a Tax sale — Caveat Emptor.

A purchaser of a house and lot in the city of Baltimore, sold by the city collector for non-payment of an assessment levied thereon, for opening the street upon which it was located, paid the purchase money, received from the collector a deed for the property, and entered into possession; subsequently he was ejected by the owners, upon the ground that the collector had omitted to give the notice, as required by ordinance, of such sales, and was obliged to pay costs and *mesne* profits. He thereupon brought an action to recover damages from the city collector. HELD:

That the purchaser was bound to inquire whether the city collector, in selling the property, acted in conformity with the law authorizing the sale; and coming strictly and rigidly within the rule of "*caveat emptor*," he is not entitled to recover.

APPEAL from the Court of Common Pleas.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*Benjamin F. Horwitz,* for the appellant.

*John M. Frazier* and *William S. Waters,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The appellant in this case purchased at a tax sale, in the city of Baltimore, in October, 1858, a house and lot sold by the city collector to pay an assessment for opening the street upon which it was located. He paid the purchase money, received from the collector a deed for the property, and entered into possession. He was afterwards ejected by the owners, upon the ground that the collector had omitted to give the notice required of such sales, and was obliged to pay costs and *mesne* profits. This suit was thereupon brought to recover damages from the appellee, who was city collector

at the time; and the present appeal submits for our decision the single question of his liability.

Although cases are numerous in which titles derived from tax sales have been declared to be defective because of irregularities, we know of no case in which the attempt has been made to hold the officer making the sale, responsible in damages. There seems to have been a general acquiescence in the doctrine, that no such liability exists, and we had not supposed that any doubt was entertained upon so plain a proposition.

A purchaser at a tax sale, buying, as he does, property from a person who is not the owner of it, comes strictly and rigidly within the rule of "*caveat emptor.*" While his title mainly depends upon the regularity of the proceedings of the officer who makes the sale, he is bound to inquire whether he has acted in conformity with the law from which his power is derived. In this case the duties of the collector, as to notice and other matters essential to the validity of a tax sale, were distinctly prescribed, and in regard to them a purchaser had the easy means of being fully informed. If he acted without proper inquiry and care, it was his own fault, and buying upon the faith of his own judgment he must abide the consequences.

The law is well settled, that all the acts and proceedings *in pais* of an officer, selling land for taxes, form an important element in the title of the purchaser. His deed depends for its validity upon proof that the requisites of the law, subjecting it to be sold for taxes, have been complied with. A party, claiming under such a deed, is as much bound to prove them, as he would be any matter of record on which his title depends. He is required to preserve the evidence of them as he would any other muniment of title, and cannot be regarded in law as without fault and without *laches* if he fails to examine into their regularity before he becomes a purchaser. *Stead's Ex'rs vs. Course,* 4 *Cranch. S. C. R.,* 413 ; *Williams, et al. vs. Peyton's Lessee,* 4 *Wheaton,* 77 ; *Games vs. Stiles,* 14 *Peters,*

322 ; *Yancey vs. Hopkins,* 1 *Munford,* 431 ; *Allen vs. Smith,* 1 *Leigh,* 231.

The appellant either became the purchaser of the property in question, with a knowledge that the appellee had failed in the proper discharge of his duty by the omission to give the required notice, or was himself guilty of negligence in buying without inquiry and examination.   In either aspect he will not be regarded in law as an innocent sufferer,—blameless of having brought upon himself, by a want of proper care and diligence, the very wrong of which he complains.

The deed of the collector, offered in evidence, cannot furnish any foundation or claim for damages.   It is in the usual form of such deeds, and is wholly without any covenant or warranty of title.

The appellant being therefore without covenants in his deed, and coming within the rule of *caveat emptor,* cannot recover in this action.   The Court below was right in the view taken of the prayers offered by the plaintiff and defendant respectively, and there is no error in its judgment.

The questions, presented in the argument, growing out of the doctrine of *respondeat superior,* and the relations and liabilities of principal and agent, do not properly arise in this case and we refrain from expressing any opinion upon them.

*Judgment affirmed.*

(Decided 9th February, 1869.)