Ross *v.* MABRY *et als.*

TAX SALE. *Purchaser. No lien for re-payment.* A purchaser of land at tax sale acquires, by the purchase alone, no such lien as can be enforced in equity for the re-payment of the money paid.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. O. P. TEMPLE, Ch.

T. R. CORNICK, Jr., for complainant.

W. P. WASHBURN for defendant.

COOPER, J., delivered the opinion of the court.

On the 3d of July, 1871, at tax sales made by the tax collector of the city of Knoxville, for municipal taxes for the years 1869 and 1870, and also by the tax collector of Knox county, for the State and County taxes for the year 1869, complainant became the purchaser of several lots of land described, the property of the defendants, by bidding the amount of the taxes, costs and penalties, taking the receipts of the tax collectors therefor. This bill was filed on the 9th of September, 1876, stating these facts, and asking that a lien be declared in favor of the complainant on the land for the sums thus paid, with interest, and that so much of the land as is necessary be sold to satisfy the lien. The defendants demurred, assigning for causes, that equity has no jurisdiction; that the

remedy is at law; that the complainant acquired title
or nothing, to be tested only by an action of eject-
ment at law.    The bill asks that the purchaser be
declared to have a lien on land bought at tax sale
for the taxes paid, merely because the complainant
became the purchaser.  · Neither the validity nor inva-
lidity of the title acquired is averred.    It is difficult
to see how a lien can be created by the purchase,
without more.    The rule of *caveat emptor* seems to
apply to tax sales.  *Packard* v. *New Limerick*, 34 Me.,
266.    The purchaser, it has been held, has no remedy
against the collector for neglecting to do properly some
act essential to the validity of the sale—such as failing
to give the purchaser notice.  *Hamilton* v. *Valiant*, 30
Md., 139.    Nor against the county or town.  *Lynde*
v. *Melrose*, 10 Allen, 49.    Nor against the owner of
the property sold.  *Heart* v. *Henderson*, 17 Mich., 218.
These are harsh rules to apply in a case where the
tax was just and legal, but the proceedings to make
it a charge on the tax-payer's property are void.    The
purchaser in such a case has paid money for the use
of the property owners, and ought in good conscience
to be reimbursed.    But, as has been said by Judge
Cooley, it is difficult to perceive how any equitable
claim can exist against any one for the cost of void
pro eedings.  Cooley on Tax, 375, note.    And, at any
rate, in the present state of the law we know of no
principle upon which the recovery can be put.    If,
indeed, the lien of the State, county or corporation
could be considered as assigned to the purchaser, or
kept alive for his benefit, until merged in the legal

title by recovery of the land on the tax title, and this would seem to be in the competency of the Legislature, redress might be had.

The decree must be affirmed.