No. 11,980.

## WORLEY v. THE TOWN OF CICERO.

TAXES.—*Sale.*— *Caveat Emptor.*— The doctrine of *caveat emptor* applies in its fullest extent to tax sales.

SAME.—*Town.—Sale of Realty.—Recovery of Purchase-Money.—Private Sale.— Notice.—Description.—Complaint.*—A complaint against an incorporated town, to recover back purchase-money paid for land sold for taxes due such town, alleged that the sale was illegal and void, for the reasons, first, that the certificate of purchase showed on its face that the property was sold at private sale; second, that, while the certificate stated that notice was given, no notice was in fact given; third, that the description in the certificate was too indefinite to support a claim of title.

*Held*, that the facts pleaded do not constitute a cause of action.

From the Hamilton Circuit Court.

*W. Neal* and *J. F. Neal*, for appellant.

*L. O. Clifford, T. J. Kane* and *T. P. Davis*, for appellee.

NIBLACK, J.—Complaint by Martha Worley against The Town of Cicero, charging that said town is a municipal corporation of Hamilton county, in this State; that, on the 16th day of February, 1881, the defendant, by one Franklin C. Collins, its clerk, at a pretended sale of lands for delinquent taxes, assumed to sell to the plaintiff part of the northwest quarter of section 6, in township 19 north, of range 5 east, containing four acres, for the sum of $109.59, she being the highest bidder for said land; that the plaintiff paid said sum of $109.59 to the treasurer of said town of Cicero, whereupon said Collins, as clerk of said town, issued to her a certificate of her said purchase, stating, amongst other things, that in case of the non-redemption of such land, she would, at the expiration of two years, be entitled to receive a tax deed for the same; that said pretended sale was illegal and void for the following reasons: *First.* That the certificate of purchase, issued as above, shows upon its face that the land was sold at a private sale; *Second.* That, while said certificate

states that notice of such sale had been given by posting up notices for four weeks in public places, including the town hall, and by publication for four weeks in a newspaper having a general circulation in said county of Hamilton, no notice of any kind was in fact given of said sale; *Third.* That the description of the land in said certificate was too indefinite and uncertain to support any valid claim of title; that a return of the money so paid by the plaintiff as purchase-money at said pretended sale had been explicitly demanded. Wherefore the plaintiff prayed that said pretended sale be declared to be illegal and void, that the purchase-money paid thereon be decreed to be refunded to her, with interest, and that she might have all other proper relief.

A demurrer to the complaint for insufficiency of the facts alleged was sustained, and the plaintiff declining to plead further, final judgment was given against her upon demurrer.

It will be observed that this was not an action to enforce a lien upon land for taxes paid by the holder of a tax deed or a tax certificate; nor was it a claim for the refunding of taxes *wrongfully* assessed and paid. It was, upon the facts stated, simply and only an action to recover back the purchase-money paid for lands sold for taxes due an incorporated town, at what is charged to have been an illegal, and hence invalid sale, for reasons other than a *wrongful* assessment.

The rule that money voluntarily paid, under a mistake of law merely, can not be recovered back, is too well established to require the citation of authorities. This rule is applicable to voluntary payments made upon taxes assessed upon, or against the owner of, taxable property, except where a different provision is made by statute. *Board, etc., v. Armstrong,* 91 Ind. 528; *Durham* v. *Board, etc.,* 95 Ind. 182; *Board, etc.,* v. *Graham,* 98 Ind. 279; *State, ex rel.,* v. *Casteel, ante,* p. 174.

Cooley, in his work on Taxation (2d. ed.), at page 475, says: "A tax sale is the culmination of proceedings which are mat-

ters of record ; and it is a reasonable presumption of law that, where one acquires rights which depend upon matters of record, he first makes search of the record in order to ascertain whether anything shown thereby would diminish the value of such rights, or tend in any contingency to defeat them. A tax purchaser, consequently, can not be, in any strict technical sense, a *bona fide* purchaser, as that term is understood in the law; because a *bona fide* purchaser is one who buys an apparently good title without notice of anything calculated to impair or affect it; but the tax purchaser is always deemed to have such notice when the record shows defects. He can not shut his eyes to what has been recorded for the information of all concerned, and, relying implicitly on the action of the officers, assume what they have done is legal because they have done it. It is indeed a presumption of law that official duty is performed; and this presumption stands for evidence in many cases; but the law never assumes the existence of jurisdictional facts; and throughout the tax proceedings the general rule is, that the taking of any one important step is a jurisdictional prerequisite to the next; and it can not therefore be assumed, because one is shown to have been taken, that the officer performed his duty in taking that which should have preceded it."

These general principles, and the cases supporting them, have led many of the courts to hold, and we think correctly, that a purchaser at a tax sale comes strictly within the rule *caveat emptor*. *Hamilton* v. *Valiant,* 30 Md. 139; *Jenks* v. *Wright,* 61 Pa. St. 410; *Rice* v. *Auditor General,* 30 Mich. 12.

If his title fails he has no remedy against the officer who made the sale. *Hamilton* v. *Valiant, supra.* Neither can he demand indemnity from the corporation for the benefit of which the sale was made. *Lynde* v. *Inhabitants, etc.,* 10 Allen, 49. See, also, *Stevens* v. *Williams,* 70 Ind. 536.

Conceding, therefore, without making any formal rulings upon them, that all the objections made to the validity of the

tax sale in question were well made, the facts charged nevertheless failed to make a cause of action against the defendant. The complaint was, for that reason, bad upon demurrer.

The judgment is affirmed, with costs.

