PERHAM *v.* HAVERHILL FIBRE CO. *& a.*

It is not the right of a purchaser of land sold for the collection of an illegal tax, that the owner of the land, as the condition of a decree in equity for a reconveyance to remove the cloud of the sale from his title, shall restore to the purchaser the amount of the tax and cost paid as the consideration of the collector's deed.

MOTION, by the defendant Pike, in *Perham* v. *The Haverhill Fibre Co. & a.*, 64 N. H. 2, that the plaintiff pay him the amount of the tax and expense of sale, which he paid as the consideration of the collector's deed to him.

*Chase & Streeter*, for the plaintiff.

*Bingham, Mitchells & Batchellor,* for the defendant Pike.

ALLEN, J. The decision in this case in favor of the plaintiff upon a bill in equity for relief against the sale of land for taxes and for a reconveyance by the defendant Pike, the purchaser at the tax sale, made at the December term, 1885 (*Perham* v. *Fibre Co.*, 64 N. H. 2), was upon the ground that illegality in the assessment of the property defeated the tax title. At a subsequent trial term, the defendant moved that, as a condition of the reconveyance, the plaintiff be decreed to pay him the amount of taxes and expenses of sale which he paid as a consideration for his deed. This motion was denied, and the defendant excepted.

The requirements of the statute relating to the assessment of the tax and the sale of the land not having been, in substance, complied with, the collector's deed gave the defendant no title against the prior owner showing title. *Thompson* v. *Carr*, 5 N. H. 510. The sale by the collector was an official sale, and the power to sell was derived from the statute, and the validity of the defendant's title, except as against a stranger, depended upon the due execution of the power according to the terms of the statute. The prior owner of the land had no connection with the sale, and did nothing to countenance the proceedings which led to it. The purchase was not made at his request, nor did the defendant make the purchase as agent, servant, or tenant of the owner, or of the plaintiff pursuing the owner's rights as creditor, nor was he acting in any fiduciary capacity. The owner was in no way in privity with the defendant's grantor, and was not bound by any covenants or recitals in the defendant's deed. The defendant, in making the purchase, had no covenants of warranty to rely upon. He had notice of the defects in the proceedings in assessment of the tax and the sale of the land, for they were of record. He paid but a trifling consideration, $112, for a deed of property valued for assess-

ment at $5,500. He was not paying off a lien or an incumbrance upon the land, having an interest to protect, nor did he acquire by subrogation any rights or claims against the owner. Taking a deed under these circumstances, he must be held to have taken it at his own risk and the risk of a failure in the proper execution of the power of assessment and sale. Taking it at his own risk, the doctrine of *caveat emptor* applies in its full force, and he has no claim, legal or equitable, against the former owner for refunding the purchase-money. *Lynde* v. *Melrose*, 10 Allen 49; *Hamilton* v. *Valiant*, 30 Md. 139; *Jenks* v. *Wright*, 61 Penn. St. 410; Cooley Taxation 328, 329.

If, as is urged by the defendant, the owner of the land, whose interest the plaintiff is pursuing as creditor, owed the duty of contributing his just share of the public burden, and the defendant has discharged that duty by paying the tax of which the plaintiff has the benefit; it may be said that the payment of the tax was a voluntary act on the part of the defendant without the owner's request or consent, and imposed no obligation upon him towards the defendant. He did not pay the tax for the purpose of discharging the owner's duty to the government, and conferring upon him a benefit to that extent, nor with any reliance upon any act or omission of the owner which entitled him to reimbursement from him. He paid the tax solely as a consideration for a supposed title, taking the risk of its failure. Without admitting the validity of the defendant's title, or his right to have the purchase-money refunded in case of a failure of the title, the plaintiff offered to pay a larger sum for a reconveyance, and this was refused. The defendant elected to stand upon his title. Having refused the offer of reimbursement, and put the plaintiff to the burden of litigating his title, he cannot, after defeat upon his own ground, resort to a different ground which by election he has abandoned, and claim the benefit of an offer which he has once refused. The ground upon which his title was defeated was the ground upon which he chose to stand, and he cannot after defeat turn around and interpose a claim upon a ground inconsistent with that.

The plaintiff, having succeeded in defeating the defendant's claim of title, cannot be called upon to lose or suffer diminution of the fruits of his contest by a claim for restitution of what the defendant deliberately refused to take, and which, by electing to stand upon his title, he abandoned.

In *Reed* v. *Tyler*, 56 Ill. 288, cited by the defendant, it was decided that, as terms of granting the relief sought, the plaintiff should refund the taxes paid by the defendant as a consideration for the purchase of the land, and on the ground, *Sheldon*, J., "that the court will, in granting relief, impose such terms upon the party as it deems the real justice of the case requires, the maxim here being emphatically applied that he who seeks equity must do equity." In that case there had been no refusal of an offer of

reimbursement by refunding the taxes paid, as is the case here, where upon the facts it does not appear that, upon any ground, the defendant has any prior equity against the plaintiff's equitable right. The claim for refunding the taxes and expenses of sale was abandoned, if it ever existed, by the defendant's election to stand upon his title. Suffering upon that ground defeat, against which, at the time of his purchase, he took the risk without covenant or promise, no ground remains which entitles the defendant to equitable recoupment or reimbursement as terms of granting the relief sought by the plaintiff, and to which he is fully entitled.

*Exceptions overruled.*

SMITH and BLODGETT, JJ., did not sit: the others concurred.