Cheshire,
Oct. 3, 1911.

### WINCHESTER *v.* STOCKWELL.

### SAME *v.* SAME.

A town which purchases realty at a tax sale cannot thereafter maintain an action against the owner for the unpaid taxes, either in its own name or that of its collector.

Since the enactment of chapter 64, Laws 1895, the right of a town to purchase land sold for taxes is not restricted to an adjourned sale.

ASSUMPSIT. The first action was brought upon a personal judgment against Rosa B. Stockwell, a resident of Winchester, for taxes

assessed against her in that town for the years 1903 and 1904. The second action was for the recovery of non-resident taxes assessed for the years 1900, 1901, and 1902, against certain lands in Winchester standing in the name of Thomas E. Stockwell, a non-resident, as owner. Trial by the court. Transferred from the October term, 1910, of the superior court by *Mitchell*, J.

In the first action the defendant filed certain pleas. The plaintiffs demurred to the pleas and filed an answer alleging certain facts which the defendant admitted to be true in part; and upon the admitted facts and other facts found, a verdict was ordered for the plaintiffs, subject to the defendant's exception.

In the second action Rosa was permitted to appear in defence of the suit, to file the same pleas, and to have the facts admitted and found in the first action considered so far as they are applicable. Judgments *in rem* were ordered against each tract of land for the amount of the taxes thereon in the several years, subject to the defendant's exception.

The defendants claim that the actions cannot be maintained, as the taxes sought to be recovered have been paid by the town to the collector of taxes; that being in default in the payment of their taxes, the collector advertised and sold their lands to satisfy them, and the town, being the only party who would take the lands and pay the taxes, became the purchaser and later received conveyances of the property.

*John E. Allen* (by brief and orally), for the plaintiffs.

*Joseph Madden* (by brief and orally), for the defendants.

BINGHAM, J. On the facts here presented these actions cannot be maintained, either in the name of the town or the collector of taxes. Actions under section 17, chapter 60, of the Public Statutes, should be brought by the collector acting in his public capacity and as the representative of the state. The taxes collectible under the statute are in no sense debts owed to the town as a corporation, but to the public. The controversy there contemplated is one between the state and the taxpayer for the enforcement of a public right. *Canaan* v. *District*, 74 N. H. 517, 536.

The town in becoming the purchaser of the property at the tax sales acted in its corporate capacity and stands with relation to the purchase the same as an individual would. Cool. Tax. (1st

ed.) 353. It paid the taxes "solely as a consideration for a supposed title, taking the risk of its failure." *Perham* v. *Fibre Co.*, 64 N. H. 485, 486. And by paying them it extinguished the tax obligations of the defendants to the public in the town of Winchester for the years in question. But notwithstanding these actions cannot be maintained, the town as owner of the tax titles may be permitted by way of amendment to consolidate the suits and file a writ of entry for the lands, in which the validity of the tax titles may be litigated.

The fact that when the town became a purchaser the sales had not been adjourned from day to day, not exceeding three days, without a person having appeared on or before the last adjourned day who offered to pay the taxes and incidental charges for a part or the whole of the estate (P. S., c. 61, ss. 5, 6), would not seem to affect their validity. Since 1895, a town or city may become "a purchaser at any sale of lands for the payment of taxes." Laws 1895, c. 64, s. 2; P. S., c. 61, s. 6.

The defendants, however, claim that the plaintiffs' tax titles are invalid because of irregularities in the assessments. The facts in support of this claim are not found; but if found and they would invalidate the titles, the defendants would not be permitted to have judgment rendered in their favor in the amended suit without reimbursing the town for the taxes which they have paid, unless justice required a different course. Laws 1895, c. 64, s. 1; *Greeley* v. *Beckman*, 75 N. H. 413, 415; *Glynn* v. *Maxfield*, 75 N. H. 482, 485. And if the town is willing, as it apparently is, to release its claim to the lands upon being reimbursed for the taxes, without putting the defendants to the expense of contesting the title, it would seem that there would be no evidence from which it could be found to be unjust to require the defendants to do so; and that, the amendment being allowed, judgment should be entered in the superior court for the defendants, upon their paying the town the taxes and charges for which the lands were sold. The costs in the present proceeding should follow the usual course.

The defendants' exceptions are sustained, the verdict in the first action is set aside, and the judgments in the second are vacated.

*Case discharged.*

All concurred.