280 WELLS *v.* CITY OF CHICAGO. [Sept. T.

Syllabus.

## WILLIAM K. WELLS

*v.*

## THE CITY OF CHICAGO.

1. PURCHASER AT JUDICIAL SALE—*when he may recover back purchase money.* The city of Chicago had procured judgment and an order for the sale of a lot for the non-payment of a special assessment thereon, for the extension of an avenue, and at the sale the plaintiff became the purchaser and received a certificate of purchase; but before he received a deed, the owner of the lot, on bill in chancery against the plaintiff, the city and its officers, obtained a decree enjoining the projected improvement, declaring the sale to be void, and ordering the surrender of the certificate of purchase and its cancellation: *Held,* that the plaintiff was entitled to recover from the city the sum paid by him for the lot.

2. SPECIAL ASSESSMENTS—*when property may be subjected to, a second time, for same improvement.* While it is true that all payments of special assessments for public improvements, even though they were void, must be taken into consideration, and allowed upon a new assessment or proceeding, under section 36 of the charter of the city of Chicago, yet, when the owner of land so assessed, in a suit against the city, repudiated the validity of the proceedings and had them declared null and void, and the city enjoined from proceeding under them, the first assessment and its payment, by a sale of the land, will not prevent a re-assessment for the same improvement should it be again ordered.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by William K. Wells against the city of Chicago, to recover back money paid by him to the city, on the sale of a lot for an unpaid special assessment. The court sustained a demurrer to the declaration, and rendered judgment against the plaintiff for cost. From this judgment the plaintiff appealed.

Mr. WILLIAM K. WELLS, *pro se.*

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The questions upon this record arise upon a demurrer to the plaintiff's declaration. The facts being admitted as therein pleaded, the question is, do they furnish a good and sufficient cause of action? The court below decided they did not, and sustained the demurrer.

It seems the city of Chicago, through its proper authorities, took steps to extend Milwaukee avenue from its then terminus, through certain lands, to the intersection of North Canal street and West Lake street. To make this improvement and extension, a certain lot was assessed to the sum of seven hundred and fifteen dollars and ninety-eight cents, which not being paid by the owner, a judgment was obtained against the lot for the amount of such delinquency, and an

order of court entered that the lot be sold to satisfy the judgment. The lot was accordingly sold at public sale by the collector, to the plaintiff in this action, for the amount of the delinquency, who paid the money and received a certificate of purchase, with the usual stipulations.

About one year and ten months after the sale, an owner of land affected by this assessment filed his bill in the circuit court of Cook county to enjoin, perpetually, further proceedings under the assessment, and a perpetual injunction was granted. At the same term of the court, the owner of this particular tract filed his bill of complaint in the same court against the plaintiff, the city of Chicago, the mayor, clerk and comptroller thereof, praying, for reasons alleged in his bill of complaint, that the certificate so issued to plaintiff be declared null and void, and that plaintiff be required to surrender the same to be cancelled, and the land be decreed free from any lien by virtue of the certificate, and that plaintiff be enjoined from selling the certificate, etc. The plaintiff answered the bill, denying the claim set up. As against the city and its officers, the bill was taken for confessed. The court decreed the sale a nullity, and plaintiff was ordered to surrender the certificate of sale to be cancelled, and the injunction allowed made perpetual.

These are substantially the facts upon which the action is brought, and without going into an extensive and elaborate examination of cases and of principles which underlie this, it is sufficient to say it is confessed by the pleadings; the city has the money of the plaintiff. Should the city be allowed to retain it? As the extension of Milwaukee avenue was enjoined, and the city authorities restrained from making a deed to plaintiff on his purchase at the sale, the money he paid could not be used for this projected improvement.

In equity and good conscience, the city has no right to retain this money. Appellee contends it is right the city should retain this money because it was collected as an assessment on the land sold, and a new assessment on the same property for

the same improvement is impossible. They urge, the city did not fail to collect the assessment on that land, and therefore it was not delinquent, and can not hereafter, if this money be reclaimed by the plaintiff, be embraced in a new assessment for extending this avenue as contemplated in the original assessment.

Reference is made to section 36 of the city charter, and to a late case decided by this court at the last September term, *Union Building Association* v. *City of Chicago*, 61 Ill. 439.

That case holds that the effect of the provision in the charter authorizing a new assessment, is, that it shall be made, as nearly as may be, in the same manner as is prescribed for the first assessment. It must, in all cases, be a proceeding *de novo*. A departure from the precise mode of making the first assessment can be justified only so far as may be required by the circumstances of each case. When no payments have been made, and from the circumstances of the work the amount of the costs and expense rest upon estimates alone, then it must be made, in all respects, like a first assessment. But when payments have been voluntarily made under the original assessment, in whole or in part, then, although the original may be void, still the payments must be allowed to apply ; if in full, they operate to discharge the land in respect to which they were made.

Appellee argues from this, if the plaintiff is allowed to recover in this action, then, when the city makes a new assessment for extending this avenue, as it can not re-assess the property sold to the plaintiff, and as the amount collected on that property must be deducted from the estimated or actual cost of the improvement which is made, under the authority of the case cited (the basis of the new assessment), the city will be left in an irremediable deficiency of more than seven hundred dollars.

We do not understand such a consequence could possibly result. The city was a party to the proceedings in court by which this assessment was declared null and void, and all

284      WELLS *v*. CITY OF CHICAGO.      [Sept. T.

Opinion of the Court.

proceedings under it cancelled. The city is cognizant of the fact that the owner of the land repudiated the proceedings as a payment of the assessment, claiming no benefit from it, and enjoined further action by the city under that assessment. With what propriety could the owner, under the circumstances, claim, if a new assessment is had, that his land, by payment of this money, is released from all liens and claims under the assessment, when he has repudiated the whole matter?

We perceive no obstacle to a new assessment of this land for this improvement, should it be again ordered. If a new assessment has already been made by the city on the basis of this payment, then it can be shown by plea to the action.

The principle which underlies this case is the same as that announced more than one hundred years ago by that great luminary of the British court, in the case of *Moses* v. *Macferlan*, 2 Burrow, 1005, who said: "The gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged, by the ties of natural justice and equity, to refund the money he has obtained from the plaintiff."

This has become a favored principle in the courts of common law, approved by most courts, and although Lord AL-VANLEY, Chief Justice of the Court of Common Pleas, in *Johnson* v. *Johnson*, 3 Bos. & Puller, 169, did take exception to it, his dictum has not lessened its potentiality or the regard in which it is uniformly held. Many cases at law are strongly or slightly impregnated with equities, as the case may be, and courts of law do not hesitate taking them into consideration in disposing of the cases at law.

We are of opinion the special count in the declaration discloses a good cause of action, and the demurrer to it should have been overruled. For the error in sustaining it, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*