LARIMER COUNTY v. NATIONAL STATE BANK OF BOULDER.

1. At common law the maxim *caveat emptor* applies to a purchaser at a tax sale.
2. Under the General Statutes of 1883, section 2824, providing that when land has been sold for taxes, "on which no tax was due at the time," the county shall be liable to the purchaser for the amount paid, with interest, etc., does not authorize an action against the county by a purchaser at tax sale to recover back the amount of personal property tax admitted to be due and included in the purchase price.
3. Under the General Statutes of 1883, section 2912, authorizing the sale of lands for "taxes and charges assessed against the owner thereof for personal property," is not contrary to public policy, nor to any constitutional provision, in that it authorizes the sale of land for personalty tax.

*Appeal from Boulder County Court.*

ACTION by the National State Bank of Boulder against the commissioners of Larimer county for money paid by plaintiff's assignor at a tax sale.   There was a trial to the court and judgment for plaintiff.   Defendant appeals.

Messrs. BALLARD, ROBINSON and LOVE, for appellant.

Mr. O. F. A. GREENE, for appellee.

DE FRANCE, C.   On the 4th day of June, 1883, one C. G. Buckingham, by his agent, Dunning, bid in at tax sale, held by the treasurer of the county of Larimer, in this state, certain lots or parcels of land situate in Fort Collins, in said county, and received from said treasurer the usual certificate of sale issued in such cases.   The advertised notice given by the treasurer of such sale, including a note at the foot thereof, and excluding the description of other property therein mentioned, reads as follows:

"LAND SALE FOR TAXES.

"TREASURER'S OFFICE, COUNTY OF LARIMER,

"STATE OF COLORADO.

"Public notice is hereby given that I will, according to law, offer at public sale, at the office of the treasurer

of the county of Larimer and state of Colorado, on the 4th day of June, 1883, and succeeding days, commencing at the hour of 11 o'clock A. M. of said day, so much of the following described real estate, situate in said county, on which the taxes for the year 1882 have not been paid, as shall be necessary to pay said taxes, interest and penalty, to wit:

"KNOWN LOTS IN FORT COLLINS.

| NAME OF OWNER. | Lot or Part of Block. | Block. | Town. | Valuation. | Amount of Tax. |
|---|---|---|---|---|---|
| *　　*　　* | *　　*　　* | * | Collins | *　* | *　　* |
| Yount, A. K. & E. B. | 1, 2, 3, 4, 5 and 6 | 131 | do. | $540 | |
| do. | 2 | 14 | do. | 100 | |
| do. | N. E. 14–19 of 15 | 12 | do. | 3,000 | |
| do. | 9 | 19 | do. | 125 | $536 06 |
| *　　*　　* | *　　*　　* | * | *　/ | *　* | *　　* |

"Witness my hand and seal this 20th day of April, A. D. 1883.

"E. N. GARBUTT, County Treasurer.   [SEAL.]

"NOTE. Twenty-two per cent. must be added to the above taxes in all cases, for interest and penalty."

The lots thus described as the property of "Yount, A. K. & E. B.," are those which were sold to Buckingham. These lots were the property of Ella B. Yount, and were inherited by her from her husband, A. K. Yount, who died in the year 1880. The same were listed and carried out on the tax-roll in the name and as the property of herself and her deceased husband. Her personal property was also listed for the year 1882 in the name of "Yount, A. K. & E. B.," and was valued at $15,000 for taxable purposes. The tax levy for 1882 was twenty-eight and seventeen-thirtieths mills on the dollar. The total amount of tax against said lots, given in the notice of sale as $536.06, included the personal property tax, as well as the real-estate tax, assessed and levied upon the property of Ella B. Yount, which had been listed as aforesaid. In making the sale of said lots for the taxes of 1882, the treas-

urer of said county apportioned the said personal property tax to the different lots according to their assessed value; and thus sold the same to satisfy, not only the real-estate tax, but also the personal property tax.   The total amount bid and paid by Buckingham therefor was $653.10. Of this amount the sum of $521.43 was on account of the tax on personalty, including the interest and penalty. One of these lots was afterwards redeemed, and Buckingham received back, by reason thereof, sufficient to reduce the amount of the personal property tax paid by him to $507.48.   Some time prior to the commencement of this action, Buckingham assigned to the appellee the said certificate of tax sale, together with all his rights thereunder.   The appellee demanded of appellant that the $507.48 thus paid, and not received back, on account of personal property tax, be refunded; and, upon the refusal of appellant to refund the same, brought this action to enforce its payment, with interest.   A trial was had to the court, without a jury, after issue joined, and resulted in a judgment in favor of the appellee, plaintiff below, for the sum of $611.62, and costs of suit; from which the appellant has appealed to this court.

This action is of a legal nature, having but a single purpose — the recovery of a money judgment for the amount, with interest, of the tax on personalty, paid by Buckingham at said tax sale, less the sum received back on account of the redemption of one of the lots so sold.   It is insisted by the appellant that the action is not maintainable at common law, or under the statute; while the appellee relies upon common-law principles as well as the statute for its support.   It is not alleged or claimed by appellee that the assessment or tax upon either the real estate or personalty was void; but the extent of the claim is that the law does not authorize the sale of real estate by a county treasurer to satisfy a tax on personalty; that the advertised notice does not state that the sale was to be made for taxes other than those assessed against the lots;

that Buckingham had no notice at the time of such sale that the personal property tax was included; and that he received no consideration for the payment of the personalty tax.   We think the action cannot be maintained upon common-law principles, under the facts as presented by the record.   At common law the maxim *caveat emptor* applies to a purchaser at a tax sale.   Cooley, Tax'n, 375; *Hamilton v. Valiant*, 30 Md. 139.   The purchaser is a mere volunteer in the payment of the tax.   *Lynde v. Melrose*, 10 Allen, 49.   A tax voluntarily paid cannot be recovered back, when paid by the person against whom or whose property it has been assessed.   Cooley, Tax'n, 366, and cases there cited.   In *Lynde v. Melrose*, 10 Allen, 49, above cited, the action was based on the ground that the tax was paid without consideration.   The tax in that case had been illegally assessed, and the action was against the town, which had received the same, to recover it back.   In the case from Maryland, above cited, the action was against the officer who made the sale, and there was an entire want of notice of the sale.

The section of the statute relied upon as authorizing this action is section 3824, General Statutes of 1883, which reads as follows:   "When by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless by paying him the amount of principal and interest at the rate of twenty-five per cent. per annum; and the treasurer, clerk or assessor, as the case may be, and his sureties on his official bond, shall be liable to the county for all losses sustained by the county from sales made through the [their] mistake or misconduct."   It is not claimed or shown that there was no tax due at the time upon the lots sold to Buckingham, but the contrary is in fact conceded. Nor is any question made as to the validity of the plaintiff's title.   Until the purchaser is injured, or injury threatened, there is nothing to hold him harmless from.

No warrant for the action can therefore be found in this section of the statute.

Section 2912, General Statutes of 1883, expressly authorized the sale of lands "for the taxes and charges thereon, and taxes and charges assessed against the owner thereof for personal property," and the notice of sale given by the county treasurer in this case is in the precise form there prescribed. Counsel for appellee contends that, in so far as this section of the statute authorizes the sale of land for a personal property tax, it is inoperative and void, on the grounds that it is against public policy, and that it is uncertain. Its uncertainty is not pointed out, and we are unable to discover wherein it is uncertain.

The other objection is not well founded, as the public policy of a state is but the creature of its legislature in respect to all matters upon which such legislature has acted, and is not prohibited from acting. In other words, the legislature, if not prohibited by the constitution, may declare what the public policy of the state in respect to any particular matter shall be. We know of no provision of the constitution which prohibits the enactment of the law under consideration. We think the judgment should be reversed and the action dismissed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is reversed, with directions to dismiss the action.

*Reversed.*