RICHARDSON v. CITY OF DENVER.

1. ILLEGAL TAXES—VOLUNTARY PAYMENT.—When taxes illegally assessed have been paid voluntarily the money so paid cannot be recovered back in the absence of fraud or mistake of fact. A mistake as to the law gives no right of action.

2. RIGHT OF RECOVERY—REQUISITES OF.—In the absence of statute there are three requisites to the right of recovery for money paid by reason of illegal taxation, viz. : First,—The assessment must be absolutely void. Second,—The money sued for must have been received by the corporation for its own use. Third,—The payment must have been upon compulsion and not voluntary.

3. TAX SALES—RULE AS TO PURCHASERS.—A purchaser at a tax sale from one who is not the owner of the property comes strictly within the rule of *caveat emptor.*

4. SIDEWALKS—ASSESSMENTS FOR.—Under the laws of this state a purchaser at a tax sale held at the instance of a city to collect an illegal assessment for a sidewalk is remediless, although his tax title is invalid.

*Error to District Court of Arapahoe County.*

CHARLES HEIDSEICK, as plaintiff in the district court, commenced his action, making plaintiff in error, Cyrus G. Richardson, the sole defendant. Afterwards, by leave of the court, he filed an amended complaint, making the city of Denver also a party defendant.

In this complaint it is alleged that plaintiff is the owner in fee of certain lots in the city of Denver: that the city had caused to be constructed a certain sidewalk in front of these

lots in pursuance of a certain ordinance. The cost of constructing this sidewalk it was provided should be paid by the abutting lot owners, respectively, and unless so paid should be certified to the county clerk and recorder of Arapahoe county and by latter placed upon the tax list as a special assessment against the abutting lots, in order that the same should be collected in the same manner as general city taxes are collected.

The cost of constructing such sidewalk remaining unpaid, the city authorities, in accordance with the provisions of said ordinance, caused the same to be placed upon the tax list for the current year by the county clerk and recorder. The clerk in due time and manner issued his warrant to the county treasurer for the collection of the general city taxes, including this special assessment.

Afterwards, and on the 26th day of May, 1882, at a general tax sale, duly holden, said lot was sold by the treasurer for such assessment to one S. E. Tibbals for the sum of $292. Tibbals was given a certificate of purchase which he assigned to the defendant, Richardson, the plaintiff in error herein.

On Sept. 21, 1885, the statutory period for redemption having expired, Richardson demanded of the county treasurer a tax deed upon said lot. Thereupon, Heidseick, the owner, instituted this suit and obtained a temporary writ of injunction, restraining the issuance of such tax deed. Afterwards an amended complaint was filed to which the defendant Richardson answered and the City of Denver demurred. This demurrer was overruled. Appellee refusing to plead over, judgment was entered against the city. The tax certificate held by Richardson was ordered canceled, the sale adjudged invalid and void, and Richardson, his heirs and assigns, were perpetually enjoined from making any claim whatever to the premises by virtue of such sale. In his answer to the complaint the defendant Richardson also filed a cross-complaint against his co-defendant, the City of Denver. In this complaint he demanded from the city the refunding of the money he had paid at the sale, with interest.

To this cross-complaint a demurrer was filed and overruled and an answer filed by the city. In this answer the passage of the ordinance, and all proceedings thereunder up to and including the sale, were admitted as alleged. In addition it is averred that the money received at the sale was paid to the city treasurer for the use of the holder of the sidewalk warrant and by him paid to such holder in accordance with the ordinance; that the City of Denver never received any of this money for its own use, and never used any portion thereof, but that the city treasurer received the same solely as the agent of the holder of the warrant.

A reply to this answer was filed by Richardson, denying all the new matters set up therein. A trial was thereafter had on the issues raised on this cross-complaint, answer and replication. This trial resulted in a judgment against Richardson for costs.

This proceeding is brought to reverse the latter judgment. Among the facts admitted by the pleadings in this case are: First,—That appellant was the *bona fide* assignee of the certificate of purchase. Second,—That the regular tax sale was held for the collection of a special sidewalk assessment by the defendant in error, in accordance with the provisions of its ordinance. That by the judgment of the court this sale had been adjudged null and void, the certificate canceled and the issuance of the deed enjoined.

Mr. CHARLES H. BURTON and Mr. HENRY TROWBRIDGE, for plaintiff in error.

Mr. JOHN F. SHAFFROTH, Mr. F. A. WILLIAMS and Mr. G. W. WHITFORD, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Is a municipal corporation liable to the purchaser at its tax sale for the money paid where the proceedings leading up to the sale, as well as the sale itself, are absolutely void?

In answering this question we will consider : *First*,—Appellant's rights in the absence of a statute fixing the city's liability. *Second*, — The statutory law upon the subject. The question is one of first impression in this court, although the subject has received the careful consideration of many able courts in other jurisdictions. In *Lincoln v. Worcester*, 8 Cush. 65, Chief Justice Shaw declares there are three requisites to the right of recovery for money paid by reason of illegal taxation. *First*,—The assessment must be absolutely void. *Second*,—The money sued for must have been received by the corporation for its own use. *Third*,— The payment must have been upon compulsion and not voluntary.

Justice Dillon in his work on municipal corporations fully indorses the conclusions reached in the above cause, and cites many authorities in confirmation of the views expressed by the Massachusetts court. The learned author says that unless all these conditions are present a payment under protest will not ordinarily give a right of recovery in the absence of a statute authorizing the same. 2 Dillon, Mun. Corp., 3d ed., § 940.

The soundness of these legal propositions must be admitted. Testing appellant's claim by them, and we find that at least one of the essential requisites of recovery is wholly wanting in this case. The payment made was entirely voluntary. Richardson bought for purely speculative purposes. He took the chances and must abide by the consequences, unless he can find some statute authorizing the recovery of the money paid. If his venture had proven fortunate he might have secured a very valuable property for a small sum of money. In any event he had ample means of ascertaining the validity of the proceedings under which he purchased and it must be assumed, under the circumstances, that he bought with full notice of the illegality of the same. A purchaser at a tax sale from one who is not the owner of the property comes strictly within the rule of "*caveat emptor*."

. Neither the county treasurer, who conducted the sale in this instance, nor the city, at whose instance the sale was made, guaranteed the title. In addition to this it is not shown in this case that the city received any benefit from the payment. Although it is well settled that an entire failure of consideration will entitle a party to recover back the money paid under certain circumstances, it is equally as well established that he cannot do so where the money is voluntarily paid with a full knowledge of all the facts. 1 Parsons on Contracts, 6th ed., 466 ; *Forbes v. Appleton*, 5 Cush. 117.

It has been repeatedly held in cases where the payment was voluntary that the money cannot be recovered in the absence of fraud or mistake of fact. A mistake as to the law gives no right of action for the money paid.

We are, therefore, of the opinion that the judgment of the district court is in accordance with the general law upon the subject, and must, for this reason, be sustained unless such law is modified in this state by statute. Dillon's Mun. Corp., 3d ed., § 946 ; *Flint v. The County*, 27 Fed. Rep. 850 ; *Comm. v. Goddard*, 22 Kan. 389 ; *Hamilton v. Valiant*, 30 Md. 139 ; *Lamborn v. County Comm.*, 97 U. S. 181 ; *Railroad v. Comm'rs*, 98 U. S. 541.

We are aware that in *Chapman v. The City of Brooklyn*, 40 N. Y. 372, and *Wells v. The City of Chicago*, 66 Ill. 280, a different conclusion has been reached ; but these cases cannot be said to shake the current of authority to the contrary. In the New York case the court failed to notice the principle governing where the money has been voluntarily paid with knowledge of the facts. In the case in Illinois the assessment was for the cost of the extension of Milwaukee avenue in the city of Chicago. The city having been enjoined from making the extension, the money could not be used for the projected improvement, and it was held that plaintiff and not the city was entitled to it. The facts are entirely different from the facts in the present controversy. Here the improvement was made prior to the assessment and

the money paid over to the contractor in pursuance of his. contract with the city.

Failing to establish the liability of the city independently of the statute, appellant contends that this action should have been sustained under the statute. In support of this contention reliance is placed upon sections 2824, 3352 of the Gen. Stats. of Colo., 1883, and § 81 of the special charter of the city of Denver enacted in 1881. The first two of these sections are as follows:

" § 2824. When by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless by paying him the amount of principal, and interest at the rate of twenty-five per cent per annum; and the treasurer, clerk or assessor, as the case may be, and his sureties on his official bond, shall be liable to the county for all losses sustained by the county from sales made through the [their] mistake or misconduct."

" § 3352. It shall be the duty of the treasurer of said county, and he is hereby authorized and empowered to collect the said city or town taxes, in the same manner and at the same time as other taxes upon the same tax list are collected. And all the laws of the state for the assessment and collection of general taxes, including the laws for the sale of property for taxes, and the redemption of the same shall apply and have as full effect for the collection of such city or town taxes as for such general taxes, except as modified by this act. * * * "

So far as the present controversy involves the section of city charter relied upon, it is practically the same as general section 3352 last quoted, and a further reference to the charter is therefore deemed unnecessary. In reference to § 2824 it is to be observed, it is only when considered in connection with § 3352 that it is claimed to apply to sales made by cities and towns. That it was the intention to make it applicable to municipal corporations in any case is not clear from the language employed. It is sufficient for the purpose of this

case to say that in our judgment no language to be found in the latter statute will warrant the court in holding it was the intention of the legislation to make the former applicable to sales made in pursuance of a special assessment like the one in this case. Here the money when collected did not pass into the general revenues of the city, but, on the contrary, it became part of a special fund out of which the sidewalk contractor alone was paid; while in case of recovery by plaintiff the judgment must be a general one against the city. Moreover the measure of his damages is not only the amount paid but 25 per cent per annum additional. We would not feel warranted in extending the provisions of such a statute beyond its express terms, except upon words clearly indicating that such was the legislative intent. As such language is not to be found in the act we must hold that appellant's contention in this regard is not well founded.

The judgment of the district court will therefore be affirmed.

*Affirmed.*