## MONTEZUMA VALLEY WATER SUPPLY COMPANY ET AL. v. BELL, ETC.

EQUITY—ENFORCEMENT OF LIEN FOR TAXES.

Although a tax is expressly declared by statute to be a lien, yet if a specific mode be provided whereby the land may be sold to satisfy such lien, no suit in equity to enforce the sale can be maintained. The specific statutory mode of collection must be pursued.

*Error to the District Court of La Plata County.*

THIS is an action brought by John F. Bell, as county treasurer for the county of La Plata, plaintiff below, against The Montezuma Valley Water Supply Company and The Colorado Water Supply Company, defendants below, to recover from the former company certain taxes alleged to have been assessed and levied upon the personal and real property of said company for the years 1887 and 1888, and to have such taxes adjudged a lien upon the realty owned by the former company during those years, and to foreclose such lien and subject the property now owned by the latter company to the satisfaction thereof.

Upon the trial of the cause the evidence relied on to support a recovery was the following certificate:

" Statement of the taxes due La Plata County, Colo., from The Montezuma Valley Water Supply Company:

| | | |
|---|---|---|
| " Tax 1887, personal, | . . . . . | $629 17 |
| Interest, | . . . . . . . | 442 57 |
| | | $1,071 74 |

| | | | |
|---|---|---|---|
| Amount brought forward, | . . . | $1,071 | 74 |
| Tax 1888, personal, | . . . . . | $336 | 00 |
| Interest, . . . . . . . | | 152 | 29 |
| | | $488 | 29 |
| Tax 1888, real property, . | . . . . | $3,200 | 00 |
| Interest, . . . . . . | | 1,451 | 17 |
| | | $4,651 | 17 |
| | | 6,211 | 20 |

" I hereby certify that the above statement is correct according to the tax list in my office, and the same is not paid.

" [SEAL]      JOHN F. BELL,
" County Treasurer La Plata County, Colo."

A certified copy of the articles of incorporation of The Montezuma Valley Water Supply Company on file in the office of the recorder of La Plata county ; a mortgage executed by said company to the Boston Safe Deposit Company filed for record in La Plata county April 19, 1886, for the benefit of certain bondholders, and a certified copy of the tax list for the year 1888. Upon this evidence the court below found for the plaintiff and rendered judgment against the former company for the sum of $6,211.20, and adjudged the same to be a lien upon the realty (describing it) and ordered the same to be sold to satisfy the lien. To reverse this judgment and decree the defendants bring the case here on error.

Messrs. THOMPSON & INGERSOLL and Mr. S. W. CARPENTER, for plaintiffs in error.

Mr. O. S. GALBREATH, Mr. J. P. JACKSON and Mr. N. C. MILLER, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

We think it is clear that the court erred in rendering the judgment against defendant, The Montezuma Valley Water Supply Company, for the amount of the taxes, if any, due

upon the realty, and also erred in subjecting the real property now owned by the defendant, The Colorado Water Supply Company, to the payment of the judgment rendered. Sec. 2818 of our revenue act, Gen. Stats. 1883, provides that "All taxes shall be levied for the fiscal year ending November thirty (30) in each year, and shall be a perpetual lien upon all real estate subject to taxation, until such taxes and any penalty, charges and interest which have accrued thereon, shall be paid;" etc.

And the manner in which such taxes shall be collected and the realty subjected to the payment of delinquent taxes thereon is specifically provided by other sections of this act. By sec. 2819, provision is made for the collection of taxes levied and assessed upon personal property by an action of debt against the delinquent taxpayer, under certain conditions, but no mode other than the statutory procedure is provided for the collection of delinquent taxes on real property. While it has been held in some cases that the imposition and assessment of a tax creates a legal obligation to pay, upon which the law will raise an assumpsit, notwithstanding the statute has given a specific remedy, yet the clear weight of authority is to the effect that when the statute undertakes to provide remedies, and those given do not embrace an action at law, such an act will not lie. Cooley on Taxation, 2d ed., p. 16, and cases cited in note 3.

Nor will a suit in equity lie to enforce the lien upon real estate given by statute, but such lien must be enforced by strict compliance with the requirements of the statute. In the case of the *Board of Education v. Old Dominion I. M. & M. Co.*, 18 W. Va. 441, it is said:

"It would seem necessarily to follow, that though a municipal tax was expressly declared by statute to be a lien, yet if a specific mode be provided, whereby the land may be sold to satisfy such lien, no suit could be brought in a court of equity to enforce such lien; for the foregoing decisions show, that the specific statutory mode of collection must be pursued; and other cases lead to the same conclusion."

In the case of *People v. Biggins*, 96 Ill. 481, Justice Craig, speaking for the court, says :

" The same statute which creates the lien, provides the various steps that shall be taken to enforce that lien, and the lien can only be enforced by a strict compliance with the requirements of the statute. * * * The lien given for taxes cannot be foreclosed in equity, as the various steps to be taken to enforce a lien for taxes, in order to collect the same, are as fully and as clearly defined by the revenue law as the mode is pointed out by the statute under which a judgment lien may be enforced and the judgment collected."

It follows that the judgment rendered, and the decree imposing a lien upon the real estate, are erroneous. The foregoing reasons would not apply to a proper action by the treasurer to recover taxes assessed upon personal property, since by section 2819, *supra*, an action at law to recover such taxes is provided. But since such a case is not before us, it is unnecessary to consider whether the evidence introduced would be sufficient to sustain a recovery for such taxes, as they are not recoverable in this action. For the reasons given, the judgment of the court below will be reversed.

*Reversed.*