[No. 4151.]

CRAMER v. ARMSTRONG.

1. TAXES AND TAXATION—SALE OF REALTY FOR DELINQUENT PERSONAL TAX.

Real estate of one who defaults in the payment of taxes thereon and on his personalty may be sold for delinquent taxes on both.

2. TAXES AND TAXATION—EXCESSIVE TAX—VOID SALE.

A tax sale made for an amount in excess of what is legally due for taxes interest and penalties is void.

3. SAME.

Where town lots were separately listed and valued and the improvements on each were separately valued but in extending the tax on the roll only the total valuation was entered and in apportioning

the tax part of the value of the improvements on one lot was added to the other and the latter was sold for the taxes as estimated on this excess valuation, the sale was void.

4. SAME—GRANTEE AGREEING TO PAY TAXES—ESTOPPEL.

A grantee who agrees to pay all taxes due upon the property conveyed agrees only to pay all taxes lawfully due and is not estopped to object to a sale for excessive taxes.

*Appeal from the District Court of Rio Grande County.*

Mr. C. M. CORLETT for appellant.

Mr. JAS P. VEERKAMP for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by Adaline R. Armstrong to quiet her title to lot 11 in block 11 in the town of Monte Vista. She claims to be the owner in fee and defendant's title is based on a tax deed. Unless the tax deed is valid, it is conceded that plaintiff should prevail. Plaintiff's grantor William B. Moss was the owner of the lot in 1894. At that time Mr. Moss was in partnership with Thomas J. Armstrong. Moss individually owned lot 11, and he and his copartner jointly owned lots 9 and 10 in the same block, and also certain personal property. A schedule of property purporting to be that of Armstrong and Moss was filed with the county assessor and verified by this plaintiff as agent. Therein lots 9 and 10 and their improvements were separately listed and valued. Lot 11 was valued by itself, and its improvements were listed and valued as a separate item, and the same was true of the personal property. When the taxes were extended on the tax roll only the total valuation of all the property was entered,—not the value of each item,—and the tax against the same was entered as a lump sum, no separate tax against the different items of property appearing thereon.

After the taxes became due, a representative of the Monte Vista Town and Land Company, in whose name the legal title of lots 9 and 10 then was, demanded of the county treasurer that the amount of tax against these two lots be estimated, which the treasurer thereupon proceeded to do, and the same, as calculated by him, was paid, and receipt therefor given. The taxes on lot 11 and the personalty were not paid and the treasurer proceeded to sell this lot for the non-payment of the lump sum against all the property, less the amount paid on lots 9 and 10. The defendant Otis A. Cramer was the bidder at the tax sale and afterwards received a tax deed. The court below adjudged the deed invalid, and after calculating the amount of tax that was due against lot 11, and ordering the plaintiff to pay the same into court, which she did, a decree was entered in her favor quieting title in the premises.

Unquestionably, irregularities occurred in connection with the method of assessing the property, of which, defendant says, advantage cannot be taken by plaintiff for her conduct occasioned their commission. We need not enter upon a discussion of the errors thereon based for the sale is void for other reasons.

There was a finding by the court that the tax on lot 11, for the non-payment of which it was sold, was upon a valuation which included not only the value of the lot itself and the improvements thereon, but $25 of the valuation of the improvements on lots 9 and 10. The sale was also made for the delinquent tax on the personal property. Real estate of one who defaults in the payment of the taxes thereon and on his personalty may, under our statute, be sold for delinquent taxes on both. *Larimer County v. Bank,* 11 Colo. 564. True, this personalty was owned by Moss and Armstrong jointly and lot 11 by Moss alone from which plaintiff argues that, since there was a separate ownership of the two kinds of property, the sale of the one to pay taxes on the other is unwarranted. We might for our present purposes safely concede that plaintiff is estopped

to object to the sale of lot 11 for the personalty tax, but that is not important here for the tax on this lot was clearly illegal for it was made to bear a greater burden than the law imposed in that a portion of the valuation of the improvements on 9 and 10 were added to lot 11 and the tax computed on this excessive sum. That the tax is invalid where there is an excessive sale,—that is, for an amount exceeding the aggregate of the taxes, interest, penalties and charges for which the land is legally liable,—is beyond question. Black on Tax Titles (2d ed.) section 232 and cases cited; Cooley on Taxation (2d ed.) 496 et seq.; *Carlisle v. Cassady,* et al., 46 S. W. Rep. 490; *Turner v. Boyce,* 33 N. Y. Supp. 433.

It is said that plaintiff should not be heard to complain for, as the grantee of him who owned the property at the time the tax was levied, she agreed to pay all taxes that were due upon it. This, however, means all taxes that were lawfully due, and not excessive taxes. The decree is right and is affirmed.

*Affirmed.*