[No. 2237.]

ELDER, COUNTY TREASURER, AND THE CITY OF DENVER,
v. FOX ET AL.

1. **Cities and Towns—Sewer Taxes—Failure to Record Tax Sales —Estoppel.**

Where a special sewer tax was assessed against a city lot but no record thereof was made either in the office of the county treasurer or county clerk, and twelve years after such assess-

ment was made the city attempted to enforce its lien by causing said lot to be sold for said tax, the city was estopped to assert its tax lien as against a purchaser of the lot who purchased without notice of such tax and after an examination of the records for tax liens, and who received no notice of the tax or the tax sale until the purchaser at the tax sale applied for a deed upon his tax sale certificate. The holder of the tax sale certificate was not entitled to a deed and the tax lien and certificate should be annulled.

2. **Cities and Towns—Sewer Taxes—Tax Sales—Caveat Emptor.**

The rule of caveat emptor applies to a purchaser at an invalid tax sale of a city lot for delinquent sewer taxes and neither the purchaser nor his assignee of the tax sale certificate is entitled to recover from the city the amount due upon such certificate.

*Appeal from the District Court of Arapahoe County.*

Mr. J. M. ELLIS and Mr. N. B. BACHTELL, for appellants.

GUNTER, J.

A lot in the city of Denver was sold for a delinquent special sewer tax. The tax sale certificate issued under this sale was assigned to The United States Security and Bond Company, and by it to appellee Allen. The owner of the lot brought suit to annul the tax and the certificate, making the city, above company and the county treasurer defendants. The answer of appellee Allen while resisting the relief sought by plaintiff prayed judgment against the city—in the event the tax certificate should be cancelled—for the amount due to date of trial upon the certificate. The case was tried to the court, and judgment entered granting plaintiff the relief prayed, and in favor of appellee Allen against the city for the amount claimed in its answer upon the tax sale certificate. From this judgment the county treasurer and the city of Denver appealed.

No appearance here for appellees.

The facts pertinent to this ruling are: In 1880, the city of Denver established a sewer district and ordered the construction of a sewer. This was built April, 1882. The final estimate of the cost thereof, and the assessment list apportioning it to the lots, was approved by the city council. November, 1882, the city clerk certified the assessment list to the county clerk, who, December, 1882, delivered it to the county treasurer as a part of the assessment for taxes of the city for the year 1882. This in conformity with the then statute.—Session Laws 1879, p. 200, sec. 3; Gen. Laws Colo. 1877, p. 901, secs. 46, 47, 48.

In 1890 appellee Fox purchased the lot, the vendor thereof to pay all the tax liens by the same being deducted from the purchase price. Fox, by counsel, had the records in the offices of the county clerk and the county treasurer examined for tax liens. All taxes appearing delinquent were paid and a tax sale certificate cancelled. The amount so expended was deducted from the purchase price. There was no record of the sewer tax in question in the office of the county treasurer—where it should then have appeared—nor was any record of it found in the office of the county clerk. The grantee Fox relying upon this information that all taxes against the lot had been discharged, closed the purchase. Since which time he has continuously paid the taxes upon the lot and had no knowledge whatever of the tax in question, or of the sale at which the tax certificate was issued, or of the existence of this certificate until a treasurer's deed was being applied for about the time of the institution of the present suit, August, 1897. The tax certificate involved was issued December 5, 1894, by the county treasurer at a sale made of the lot for the above sewer tax.

Appellee Fox contends that under these facts the city of Denver is estopped from insisting upon the

existence of a lien for the tax in question, or the validity of the tax sale certificate. The purchaser of this property did all reasonably within his power to ascertain if this lien existed in favor of the city before making his purchase; through the negligence of the agents of the city he was led to believe, and did believe, that no such lien existed, and acted upon such reasonable belief in closing the purchase. Not until twelve years after the creation of the alleged tax lien does the city attempt to enforce it; and not until near fifteen years after the levy of the tax does the present owner of the lot know of the tax—this without fault on his part.

The doctrine of equitable estoppel applies to the claims of a municipality, and we think applicable to this case.

In *Board of County Commissioners of Arapahoe County v. City of Denver*, 30 Colo. 13, 69 Pac. 586, our supreme court said:

"The defense of equitable estoppel may be asserted against a municipal corporation when the character of the action and the facts and circumstances are such that justice and equity demand the corporation should be estopped."

The following from Dillon Mun. Corp., 4th ed., section 675, is approved in *The John Mouat Lumber Company v. The City of Denver*, 21 Colo. 1, 8, 40, Pac. 237.

"The author cannot assent to the doctrine that, as respects public rights, municipal corporations are impliedly within ordinary limitation statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing the principle of an *estoppel in pais* as applicable to exceptional cases, since this leaves the court to decide the question, not by the mere lapse of time, but upon all the circumstances

of the case to hold the public estopped or not, as right and justice may require."

See also *City of Denver v. Girard*, 21 Colo. 447, 453, 42 Pac. 662; *Town of Fairplay v. Board of Commissioners of Park County*, 29 Colo. 57, 67 Pac. 52.

The decree wherein it annuls the lien of the sewer tax and the tax sale certificate is affirmed. Wherein it grants appellee Allen judgment against the city of Denver for the amount, principal, interest and penalty due upon the tax sale certificate is reversed. The rule of *caveat emptor* applies to the purchaser under the tax sale in this case, and also to the assignee of the tax sale certificate.—See *Richardson v. City of Denver*, 17 Colo. 398, 30 Pac. 333.

Judgment reversed.      *Reversed.*