## City of Chicago v. Eugene D. Fisk.
### Gen. No. 12,002.

1. Assumpsit—*lies to recover special assessment rebate.* Assumpsit lies to recover of a municipality a surplus due on account of a special assessment levied against property and paid by the owner thereof.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed November 14,·1905.

Robert Redfield and Frank Johnston, Jr., for appellant; Edgar Bronson Tolman, Corporation Counsel, of counsel.

Gutman & Rothschild, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit in assumpsit brought by appellee to recover an amount claimed to be due him as rebate on a special assessment levied and collected by the city of·Chicago in 1893.

There is no dispute as to facts. Appellee paid a special assessment of $1,728.64 levied for improving a street and was given receipts therefor. After payment of all the expenses of the improvement there remained a surplus on said special assessment in the hands of the city, of which appellee's proportionate share was $567.88. This should have been repaid to appellee in accordance with the provisions of the statute then in force. (Sec. 65 of Art. 9, Cities and Villages Act, R. S., 1895.) That statute was amended in 1897 and again in 1901, but the provision for repayment remains substantially the same. (R. S., 1903, chap. 24, sec. 599, p. 413.) It is certainly proper independently of the statute that any excess not required for the improvement for which an assessment is levied should be repaid to the property owner, if only, as said in Wells v. City of Chicago, 66 Ill. 280–286, because in accordance with "natural justice

City of Chicago v. Fish.

and equity." It is claimed, however, in behalf of the city that such rebates on special assessments are payable only out of the special fund itself and cannot be recovered out of the general fund of the city in an action of assumpsit. We have heretofore considered this contention in City of Chicago v. Singer, 116 Ill. App. 559, and are not advised of any reason for changing the conclusion there expressed. If the city has the surplus on hand, then it can pay the rebate out of such fund. If it has used the surplus for city expenditures, then it should pay it like any other obligation. In either case assumpsit is a proper form of action, "for money which equitably the defendant ought to refund." Sangamon County v. City of Springfield, 63 Ill. 66–72. It is said in that case with reference to a surplus of taxes there in controversy, "in justice the county ought not to retain it and assumpsit will lie."

The judgment of the Circuit Court will be affirmed.

*Affirmed.*