DETERMINED IN THE

## FIRST DISTRICT

OF THE

# ·APPELLATE COURT OF ILLINOIS

DURING THE YEAR 1906

---

### City of Chicago v. W. A. Paulsen, for the use of W. C. Niblack.

#### Gen. No. 12,302.

1. SPECIAL ASSESSMENT REBATES—*action lies to recover.* An action lies to recover of a municipality special assessment rebates unlawfully withheld. Citing City of Chicago v. Singer, 116 Ill. App. 559; City of Chicago v. Fisk, 123 Ill. App. 404.

2. SPECIAL ASSESSMENT REBATES—*what remedy need not be resorted to, to recover.* A taxpayer entitled to the return of rebates upon special assessments paid by him is not bound to seek his remedy against the officers of the municipality who have diverted the funds from which primarily he should have been reimbursed.

Action of assumpsit. Appeal from the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 23, 1906.

ROBERT REDFIELD and FRANK JOHNSTON, JR., for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE·SMITH delivered the opinion of the court.

Appellee brought an action in assumpsit against appellant before a justice of the peace to recover the amount of $100.36

· 595

claimed as rebate due him on a special assessment levied for curbing, grading and paving Oak place in the city of Chicago. On appeal to the County Court the cause was submitted to the court for trial without a jury and the court entered judgment for $100.36.

It was stipulated on the trial that on or about May 21, 1895, William A. Paulsen, who was then the owner of lots 50 and 51 in the resubdivision of block 2 of Hamilton, Weston & Davis subdivision of the south half of the southwest quarter of section 20, township 40 north, range 14 east of the third principal meridian in Cook County, Illinois, paid $213 to the city of Chicago for the special assessment levied by said city for said improvement, and that after said amount had been paid it was found that there was due to said Paulsen $100.36 for excess of his proportionate share of the cost of the improvement.

On December 18, 1902, in consideration of $1 and other good and valuable consideration, Paulsen sold and assigned his right, title and interest in said $100.36 to W. C. Niblack. Frequent demands and requests for payment of said sum have been made upon the city, but it has never been paid, or any part thereof. It further appears that there was an improper administration of the fund by the city officials whereby a shortage or deficit of $32.77 exists.

It is urged on behalf of appellant that rebates on special assessments are payable only out of the special fund for an improvement and cannot be recovered out of the general fund of the city in this action.

It is also contended on behalf of appellant that where there has been an improper administration of the fund by the city officials, by reason of which a shortage in the fund was created, the remedy must be against the officers and not against the corporation.

We have heretofore considered the first of the above contentions in City of Chicago v. Singer, 116 Ill. App., 559, and in City of Chicago v. Fisk, 123 Ill. App., 404, and no reason appears for changing our conclusions adverse to the contention there expressed.

The appellant is responsible for the fund to the taxpayer. Appellee is not bound to seek his remedy against the officials. R. S. 1895, sec. 65 of art. 9, Cities and Villages Act; Wells v. City of Chicago, 66 Ill., 280.

The judgment is affirmed.

*Affirmed.*