## City of Chicago v. Stanley McCormick.

### Gen. No. 12,300.

1. Special assessment rebates—*action lies to recover.* An action lies to recover of a municipality special assessment rebates unlawfully withheld. Citing, City of Chicago v. Singer, 116 Ill. App. 559; City of Chicago v. Fisk, 123 Ill. App. 404; City of Chicago v. Paulsen, *ante* p. 595; City of Chicago v. Levy, *post,* p. 652.

City of Chicago v. McCormick.

2. AFFIRMANCE WITH DAMAGES—*when will be awarded.* Where it is apparent from the character of the issues and the briefs and arguments that an appeal has been taken merely for delay, an affirmance will be awarded with statutory damages.

Action commenced before justice of the peace. Appeal from the County Court of Cook County; the Hon. DWIGHT C. HAVEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed with damages. Opinion filed March 23, 1906.

ROBERT REDFIELD and FRANK JOHNSTON, JR., for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

E. C. WESTWOOD, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was a suit brought originally before a justice of the peace, and appealed from the justice to the County Court. It is one of quite a number of similar cases which the city has from time to time brought here on appeal upon like questions of law and fact.

There is no controversy over the facts. They are stipulated. Appellee paid a special assessment for a street improvement levied upon certain real estate of which he was the owner. The amount so assessed turned out to be in excess of the cost of making the improvement. Appellee's proportionate share of the excess amounted to $55.05 which he was lawfully entitled to receive as rebate. No part of it has been paid back, although frequent demand for it has been made. A statement of the condition of this assessment fund shows there is no money left in it. The city's contention in all these cases is the same, first that rebates on special assessments are payable only out of the special fund for an improvement and cannot be recovered out of the general fund of the city in an action of assumpsit; second, that if there was an improper administration of the fund by the city officials, by reason of which a shortage in the fund was cre-

ated, the remedy must be against the officers and not against the corporation.

We have repeatedly passed upon these questions adversely to the city's contention.  Two of this class of cases decided in this court are, City of Chicago v. Singer, 116 Ill. App., 559, and City of Chicago v. Albright, No. 11,351, not to be reported, and there are others.  City of Chicago v. Fisk, 123 Ill. App., 404; City of Chicago v. Paulsen, *ante,* p. 595; City of Chicago v. Levy, *post,* p. 652.  City of Chicago v. Mc-Nichols, 98 Ill. App., 448, is also in point in some respects. Appellant's attorneys refrain from reference in their briefs to any of the previous decisions.  The assignments of error in all the cases are, so far as we have examined, identical.  The briefs and arguments filed in behalf of the city are word for word the same.  The Singer case was decided and the opinion filed October 25, 1904.  The present case was appealed in February, 1905, when appellant was fully advised of the views of this court upon the subject-matter.  For reasons fully stated in the Singer and other cases the judgment of the County Court is affirmed, with statutory ten per cent. damages, it being obvious the appeal was prosecuted for delay.  (R. S. Chap. 33, sec. 23.)

*Affirmed with ten per cent. damages.*