[No. 5291.]
[No. 2925 C. A.]

## MITCHELL v. MINNEQUA TOWN COMPANY.

**Taxation—Void Sale—Remedies of Purchaser.**

In the absence of statute in terms giving a purchaser of land for taxes at a void sale a remedy for the recovery of his investment, the maxim "caveat emptor" applies, and he cannot recover the taxes paid.—P. 368.

*Appeal from the District Court of Arapahoe County. Hon. P. L. Palmer, Judge.*

Action by W. C. Mitchell against The Minnequa Town Company. From a judgment for defendant, plaintiff appeals.                    *Affirmed.*

Mr. W. C. MITCHELL, *pro se.*

Messrs. DEVINE & DUBBS, for appellee.

Action by Mitchell, appellant, against The Minnequa Town Company, appellee, for money paid by appellant at a tax sale. The complaint, *inter alia,* avers: "That on the 23rd of November, 1892, in the county of Pueblo and state of Colorado, the then county treasurer of Pueblo county offered for sale lot 2, in block 43, in Uplands Park, for delinquent taxes for the year 1891; that the plaintiff was the purchaser of said property and paid to said treasurer the sum of one hundred and ninety dollars and twenty-four cents therefor, and received a tax sale certificate thereon.

"That thereafter and on the 21st day of December, 1895, a treasurer's deed was issued and delivered to plaintiff upon said property.

"That the plaintiff paid to the recorder of Pueblo the sum of ninety cents for recording said deed.

"That the said tax sale so held by said treasurer, and the tax certificate issued upon said sale, and the treasurer's deed, are erroneous, void and illegal, because the said treasurer did not hold said sale at the office of the said county treasurer, but held sale in the court room of the district judge of said Pueblo county; because the said treasurer did not hold the said sale at the time required by the law so to be held; because the tax deed is void upon its face, and for other reasons; and the said deed does not convey to plaintiff the title of said property.

"That the said property was subject to taxation at the time of the assessment; that at the time of the sale the taxes had not been paid on said property; that at the time of the execution and delivery of the deed the said property had not been redeemed from said sale; and that the said taxes, nor any part thereof, have ever been paid, but are still due and unpaid upon said property.

"That there is now due to plaintiff from defendant thereon, together with interest. the sum of $929.22."

To this complaint a demurrer was interposed upon several grounds, among them that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff electing to stand upon his complaint, judgment was rendered for defendant. Plaintiff appeals.

Mr. Justice Goddard delivered the opinion of the court:

It is well settled that the maxim *caveat emptor* applies to the purchaser at a tax sale, and if he fails to secure good title to the property he attempts to purchase because of the invalidity of the tax sale, he cannot recover the amount paid therefor unless some statute in terms provides such remedy.

We have no such statute; but, on the other hand, the manner in which taxes legally levied shall be collected and the realty subjected to the payment of such tax is specifically provided by our statute.— *Richardson v. City of Denver,* 17 Colo. 398, 401; *Larimer County v. Nat. Bank,* 11 Colo. 564, 567; *Montezuma Valley W. S. Co. v. Bell,* 20 Colo. 175, 177.

In *Richardson v. City of Denver, supra,* Chief Justice Hayt, speaking for the court, said:

"The payment made was entirely voluntary. Richardson bought for purely speculative purposes. He took the chances and must abide by the consequences, unless he can find some statute authorizing the recovery of the money paid. If his venture had proven fortunate he might have secured a very valuable property for a small sum of money. In any event he had ample means of ascertaining the validity of the proceedings under which he purchased, and it must be assumed, under the circumstances, that he bought with full notice of the illegality of the same. A purchaser at a tax sale from one who is not the owner of the property comes strictly within the rule of *'caveat emptor'*."

*Montezuma Valley W. S. Co. v. Bell, supra,* was an action by the county treasurer to recover certain taxes levied upon real property belonging to the defendant company. In holding that such action would not lie under our statutes, the court said:

"The manner in which such taxes shall be collected and the realty subjected to the payment of delinquent taxes thereon is specifically provided by other sections of this act.   *   *   *   No mode other than the statutory procedure is provided for the collection of delinquent taxes on real property. While it has been held in some cases that the imposition and assessment of a tax creates a legal obligation to

pay, upon which the law will raise an assumpsit, notwithstanding the statute has given a specific remedy, yet the clear weight of authority is to the effect that when the statute undertakes to provide remedies, and those given do not embrace an action at law, such an act will not lie.—Cooley on Taxation (2nd ed.), p. 16, and cases cited in note 3.''

The court also quotes, with approval, the following language of Justice Craig in *People v. Biggins*, 96 Ill. 481:

''The same statute which creates the lien provides the various steps that shall be taken to enforce that lien, and the lien can only be enforced by a strict compliance with the requirements of the statute. * * * The lien given for taxes cannot be foreclosed in equity; as the various steps to be taken to enforce a lien for taxes, in order to collect the same, are as fully and as clearly defined by the revenue law as the mode is pointed out by the statute under which a judgment lien may be enforced and the judgment collected.''

It is clear, therefore, that the complaint in this action does not state a cause of action, and the court properly sustained the demurrer thereto. The judgment is, therefore, affirmed.            *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.