(86 App. Div. 207.)

In re ELSNER et al.

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1903.)

1. MUNICIPAL CORPORATIONS—ROCHESTER—ASSESSMENTS—PERSONAL LIABILITY OF LANDOWNER.
    Under the express provisions of section 206 of the charter of Rochester, an assessment for a local improvement "creates a personal obligation or liability against the owner of the lot or parcel of land assessed."

2. SAME—COLLECTION OF ASSESSMENTS—CONCURRENT REMEDIES.
    Section 206 of the charter of Rochester authorizes the city to bring an action to collect an unpaid assessment for a local improvement "in addition to any other remedy now provided by law for the collection thereof." Held to warrant the city in suing the landowner to recover the assessment, and at the same time proceeding against the property itself.

Appeal from Surrogate's Court, Monroe County. ·

In the matter of the judicial settlement of the accounts of Simon L. Elsner, as executor, etc.  From a decree of the surrogate disallowing a claim for taxes made by the city of Rochester, the city appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

William A. Sutherland, for appellant.
William F. Cogswell, for respondent.

WILLIAMS, J.   The decree, so far as appealed from, should be reversed, and the executor directed, by provision to be inserted in the decree, to pay the installments of assessments past due, with interest, costs, and expenses, including the costs of this appeal, and to retain in his hands a sufficient amount to pay the remaining installments when they come due.

The claim of the city is founded upon the following facts, which are undisputed:  March 13, 1900, an assessment was made for a local improvement—an asphalt pavement—on Pierpont avenue, payable in 10 annual installments, commencing May 1, 1900.   The whole assessment to deceased on lot 23, Pierpont avenue, was $379.50; each annual installment, $37.95.   July 3, 1900, another assessment was made for a local improvement—an asphalt pavement—on Birr street, payable in 10 annual installments, commencing September 1, 1900.   The whole assessment to deceased on lot 23, Birr street, was $62.25; each annual installment, $6.22.   The lot assessed for these two improvements was the same lot 23, bounded on the two streets named. There has been no payment of any of these installments.   The payments for the years 1900 and 1901 were added to the general city taxes for 1901 and 1902, and the property has been sold thereon.   The amount of the claim is made up as follows:

The last eight installments of the first assessment, with interest..... $345 93
Those of the second assessment...................................... 56 22
The first two installments of the first assessment in city taxes....... 62 04
Those of the second assessment...................................... 59 59

    Making in all............................................. $523 78

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 1304.

The surrogate held that the claim for the installments coming due after the death of the deceased, July 30, 1901, could not be enforced against the personal estate, but only against the land assessed, and that the claim for installments coming due before and after her death could not be enforced against the personal estate, because the city had elected to pursue the remedy of selling the land assessed, and could not pursue both remedies at the same time. These are the only questions we are called upon to determine. There is concededly a fund in the executor's hands sufficient to discharge the whole or any part of this claim. The only question is what, if any, claim there is which the executor should be required to pay.

By section 206 of the charter of Rochester, it is provided that an assessment for a local improvement "creates a personal obligation or liability against the owner of the lot or parcel of land assessed to pay the city of Rochester the amount of such assessment; for the collection of which together with interest, costs and expenses, said city may maintain, in its own name, an action in any court of competent jurisdiction, in addition to any other remedy now provided by law for the collection thereof." This statute is plain, and under it there would seem to be no doubt that deceased was personally liable for these assessments, and that such liability could be enforced by action, and that this remedy exists in addition to any other remedy the city may have. The city is here attempting to enforce the personal liability of the deceased by claim against the personal estate left by her. While the surrogate seemed to doubt the existence of such personal liability, the respondent's counsel in his brief upon this appeal makes no such claim, but regards it as settled against the respondent in this state.

The only question remaining is whether by taking the proceeding against the property, and selling and bidding in the property, the city has precluded itself from pursuing this remedy against the personal estate of the deceased. The statute above quoted expressly provides for this remedy in addition to any other provided by law. The city can collect the assessment but once, and when by any one remedy it secures the amount of the assessments the other ceases, and all interests acquired by the city thereunder are determined. The city has not yet acquired the absolute title to the property assessed, and as soon as the assessment is collected in this proceeding all liens or other interest of the city in the property will terminate, and the owner thereof, under the will of the deceased, will hold title thereto, relieved of such lien or interest, under the assessments and the proceedings for the collection thereof against the property. The only escape from this proposition is the claim that the city cannot pursue the personal remedy, having commenced and continued the remedy against the property.

No authority is cited by the respondent, and none was cited by the surrogate, in support of this claim. Counsel for the respondent contents himself with criticising and attempting to distinguish the cases cited by counsel for appellant.

The policy of the law is to require the burden of local improvements to be borne by the property to be benefited thereby, and to re-

lieve the general taxpayer therefrom, and to insure this result the charter not only provides for a lien upon the property directly benefited, but for a personal liability against the owner of such property, and the remedy to enforce this personal liability is given in addition to the remedy against the property. The object sought can be better and more certainly accomplished by holding that the city may pursue both remedies together until such time as the amount of the assessment is secured. No harm is done the property owner. He may stop both proceedings by paying the assessment, and if he does not pay the amount can be collected but once, and then the proceedings both end. The charter requires the proceedings to be taken against the property. The officers are given no choice or discretion in the premises. They must move along, and, this being so, it will render the personal liability statute above quoted nugatory, if both remedies cannot be pursued at the same time.

The city does not want the property, but the money, so as to relieve the general taxpayers of the burden of local improvements, which ought not to be thrown upon them. Both remedies have the same end in view—the securing of the money—and the design of the charter is that the remedy against the property shall be pursued until this result is reached. The proceeding is not yet ended. The city has not yet full title to the property—may never have. A foreclosure must be had in the end, and until that is terminated there may be a redemption from the sale to the city. If this proceeding succeeds, that one must be terminated.

The result of the views herein expressed is that the decree, so far as appealed from, should be reversed, and the executor should, by the provisions to be inserted in the decree, be required to pay to the city the installments of the assessments past due, with interest, costs, and expenses, including costs of this appeal, and to retain in his hands a sufficient amount to pay the remaining assessments when they come due. All concur.

(86 App. Div. 211.)

TORGE v. VILLAGE OF SALAMANCA.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. RAILROADS—GRADE CROSSINGS—CHANGE.—PROPERTY OWNERS — DAMAGES— REMEDY—ACTION AGAINST VILLAGE.

