### In re STALKER.

(District Court, W. D. New York. August 3, 1903.)

#### No. 804.

1. BANKRUPTCY—PRIORITY OF CLAIMS—TAXES—MORTGAGE FORECLOSURE.

   Where separate pieces of land belonging to a bankrupt, exceeding in value the amount of taxes on them, but of less value than a mortgage debt and taxes, were sold under foreclosure decree subject to such taxes, a city to which certain of the taxes were due was not entitled to a priority of payment thereof from the bankrupt's estate under Bankr. Act, § 64a, Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], providing that taxes legally levied should be entitled to priority.

2. SAME—WAIVER OF PRIORITY—FORECLOSURE OF LIEN.

   Foreclosure of an equity of redemption in certain lands by a city under its charter provisions, to recover unpaid city taxes, in which the land was struck off to the city for less than the amount due, did not deprive the city of its right to priority of payment of the balance due on such taxes from the owner's estate in bankruptcy, as authorized by Bankr. Act, § 64a.

3. SAME—MUNICIPAL ASSESSMENTS.

   Under Bankr. Act, § 64a, providing that all taxes legally due and owing by the bankrupt shall be entitled to a preferred payment, a city is entitled to preference in the payment of assessments levied for local improvements.

4. SAME—LIMITATIONS—STATUTES—APPLICATION.

   Where, after a decision by a referee in bankruptcy adverse to the city's application for preference in the payment of certain city assessments for local improvements out of the bankrupt's estate, Act May 9, 1903, was passed, authorizing the city to collect outstanding taxes, etc., and providing that the statute of limitations could not be interposed as a defense, such act was inapplicable to such proceeding, so as to relieve the city from the defense of limitations interposed against certain of the taxes for which a preference was claimed.

123 F.—61

In Bankruptcy.

William A. Sutherland, for city of Rochester.

William N. Cogswell, for trustee.

HAZEL, District Judge. This is an application by the city of Rochester for an order directing the trustee in the above-entitled proceeding to pay certain taxes and assessments for improvements out of the fund in the possession of the trustee, amounting to $2,600. The referee denied the application. The matter comes before me on a petition for a review of that decision. The facts are not controverted. General city taxes amounting to $2,477.85 were assessed for the years 1893 to 1901, inclusive, except for the years 1892, 1897, and 1899, upon various parcels of land owned by the bankrupt, some of which were sold by him subject to taxes before adjudication. In addition to such taxes, $1,267.16 for local improvements and $157.97 for water rates were assessed against said property, amounting in all to $3,895.98. This amount was subsequently diminished, as will be seen presently. The various pieces of real estate taxed were offered for sale by the city following each default of payment of the taxes and assessments in compliance with the provision of its charter, and, no one appearing to bid at the sales, the property taxed was struck off to the city for the amount of the general taxes, with the charges thereon. Claims for unpaid taxes and assessments were filed by the city with the referee in bankruptcy, and thereafter certain mortgages and other liens upon certain pieces of property of the bankrupt were foreclosed, the decree of foreclosure directing payment of taxes and assessments out of the purchase price. It does not clearly appear whether the taxes upon the property affected were paid as a result of such mortgage foreclosure. If they are unpaid, the city, by its lien, which still remains, if the property was sold subject thereto, is secured; and the city is not equitably entitled to a priority of payment from the bankrupt estate where the premises subject to taxes are owned by third parties, who purchase the same subject to the taxes. Each separate piece of land so sold exceeded in value the amount of the taxes upon it, but was less than the value of both the mortgage debt and the taxes. Since the decision of the referee, the equity of redemption of the bankrupt and of any other person having a lien or interest in certain of the property previously struck off to the city on tax sale has been foreclosed by the city under the charter provisions. As a result of applying the proceeds of such sale upon the amount due, the total claim has been reduced to $1,632.99. Priority of payment from the bankrupt estate in advance of the payment of dividends to the creditors is demanded by the city under section 64a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]). If such priority is allowed, the fund will be greatly diminished, leaving little for the general creditors after the payment of expenses of administration. The unsecured debts amount to $30,000.

Various legal propositions of considerable importance are presented upon this application. The trustee contends that the claim in question is not within the scope of the section which declares all taxes legally due and owing by the bankrupt to be preferred in payment, for the

following reasons: (1) That the tax foreclosure and original tax sale operated in legal effect as a payment, and hence the claim of the municipality is not in terms for taxes, but merely a debt for a deficiency, collectible as an ordinary debt; (2) assessments levied for local improvements are not included in the word "tax," and therefore the amount due for assessments cannot be preferred in payment; (3) that the statute of limitations is a bar to recovery.

The referee was of opinion that the tax sales terminated the personal liability of the bankrupt for the payment of the claim, and where appropriate statutory legislation empowers the city to collect a debt for taxes by independent legal procedure a fair construction of section 64a does not contemplate an indiscriminate payment of taxes which have become liens upon the property. The point as to whether bidding in the property by the city of Rochester, on foreclosure of the equity of redemption subsequent to the tax sale, is a satisfaction of the claim, was recently determined in the negative by the Appellate Division of the Supreme Court, Fourth Department, in Re Judicial Settlement of the Accounts of Simon M. Elsnor, Executor, etc. (decided in July, 1903) 83 N. Y. Supp. 670. It was there held that by section 206 of the charter of the city of Rochester a personal liability is created to the city against the owner of land assessed, and that an action is maintainable to recover the amount from the landowner. In addition to such an action, the city may have recourse to another remedy for collection of the taxes by sale of the property in the manner specifically provided for by its charter. It was further held that by bidding in the property the city did not preclude itself from pursuing a right of action against the personal estate. The court will assume the correctness of this decision. The city, after tax foreclosure proceedings, exhausted the available remedy in rem for the collection of the debt for taxes and assessments, and is without security for the balance unpaid. I am unable to subscribe to the holding that, by bidding in the property on tax sale and by foreclosing the equity of redemption, it waived or forfeited its right to preferential payment. A different question would be presented if the city still had a defeasible title to the property. It might then be held that the taxes secured by liens upon the real estate were secured claims, especially as such security takes precedence of any prior incumbrance. In this respect the facts in In re Veitch, 4 Am. Bankr. Rep. 112, 101 Fed. 251, are quite distinguishable. In that case the municipality had no real interest in the recovery, and the practicable result of the payment of the taxes would have inured solely to the benefit of the mortgagee. By the stipulation of the parties submitted with the briefs, it appears that the amount now claimed to be due is for a balance unpaid upon certain lands affected by the city's liens. There was no extinguishment of the debt by the foreclosure sale, as the amount realized was insufficient for that purpose. The significance of section 64a, as applied to a municipality, is that a claim for taxes is paramount to all other claims, because of the pecuniary needs and requirements of the municipality, and so as to relieve the general taxpayers from the payment of an unfair proportion of taxes. Some seemingly unjust features may be presented by the application of the

stringent provisions of the bankrupt act referred to, but, as the law is plain and singularly free from ambiguity, it is obvious that Congress intended that the statute should be strictly construed and applied, unless the facts disclose unjust or prejudicial results. In re Tilden, 1 Am. Bankr. Rep. 303, 91 Fed. 500. Such are not the facts here as to the taxes which are in the above situation. The point that the word "tax," as used in the section under consideration, does not include assessments levied for local improvements, is not maintainable. It is perfectly true that well-recognized distinctions exist between the word "tax" and "assessment." Dillon, in his work on Corporations (section 778, 4th Ed.), states that "the one does not always or usually include the other." This question is broad, and might be of much difficulty, were it not that the interpretation adopted by the highest tribunal of the state must govern here. It is an established rule in the courts of the United States that the decisions of the state courts with regard to the law of real estate, construction of state constitutions and statutes, are authoritative rules of what the law is. Burgess v. Seligman, 107 U. S. 33, 2 Sup. Ct. 10, 27 L. Ed. 359; In re H. A. & B. T. Camp, 1 Am. Bankr. Rep. 165, 91 Fed. 745; In re Louisa C. Ott, 2 Am. Bankr. Rep. 637, 95 Fed. 274; Matter of Mutual Mercantile Agency, 8 Am. Bankr. Rep. 435. In the Ott Case the mulct tax, in the state of Iowa, upon the liquor traffic, was held not affected by the provisions of section 64a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. p. 3447]), on the ground that such tax, as interpreted by the highest court of the state, was a license charge and not a tax. A number of authorities are cited by counsel for claimant to govern this question, holding the construction contended for by him to be settled by the highest court of the state. The gist of the decisions relied upon is that an assessment for a municipal improvement may be converted into a tax by statutory enactment, which may afford the same remedies for its collection. In Matter of Van Antwerp, 56 N. Y. 261; Genet v. City of Brooklyn, 99 N. Y. 296, 1 N. E. 777; Litchfield v. Vernon, 41 N. Y. 123; In Matter of Moller, 8 Ben. 526, Fed. Cas. No. 9,699, affirmed in 14 Blatchf. 207, Fed. Cas. No. 9,700. My attention is not called to any authority opposed to this construction. It is argued by counsel for the trustee that a priority in payment of assessments for improvements is extremely unjust, upon the theory that a municipality may, peradventure, expend for improvements a sum beyond any that may be realized upon sale of the property taxed. In reply to that contention, it is a sufficient answer that such matters are wholly within the purview of the taxing power, whose wisdom or policy in that regard may not be disturbed or questioned by this court. The conclusion is, therefore, that the amounts in question must be regarded as taxes. Congress has enacted that such claims must have priority in payment. The effect upon the estate, therefore, can be given no force in determining their allowance.

The objection by the trustee that a portion of the claim is barred by the statute of limitations has merit. By section 382 of the Code of Civil Procedure of the state of New York, it is provided that actions to recover upon a liability created by statute shall be instituted within six years. It is not seriously disputed that an action upon a debt for

a tax in this state may be barred by the statute of limitations. In the case at bar it appears that subsequent to the decision of the referee, and just prior to the submission of the petition for review, the city of Rochester was empowered by legislature act passed May 9, 1903, to collect outstanding taxes by an action, supplementary proceedings, or by foreclosure of the tax lien. It was also provided in that act that the statute of limitations could not be imposed as a defense. The authority cited by claimant (Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59) has no application, inasmuch as the decision of the referee was prior to the passing of the act. In my opinion, a proceeding before a referee in bankruptcy to recover a debt is in analogy to an action brought for the same purpose. The claim filed is the basis of the cause of action; the issues joined by the objections of the trustee, which may or may not be in writing; the decision of the referee upon the issues raised, constitutes the judgment. In the absence, therefore, of express language clearly showing the intention of the Legislature to nullify judgments already rendered, the statute can be given no retrospective effect. American & English Ency. of Law (2d Ed.) 175. True, it has been held that the statute of limitations may have effect upon a cause of action already accrued, but my attention is not called to any case where it is held that the Legislature by an act may effect a reversal of a judgment already rendered. Such legislation would clearly be unconstitutional. Sohn v. Waterson, 17 Wall. 549, 21 L. Ed. 737; Burch v. Newbury, 10 N. Y. 374; Black on Judgments, § 298.

I conclude that the decision of the referee must be modified in accordance with these views. The report is therefore recommitted to the referee, with the direction that he ascertain and direct payment of the amount of taxes and assessments becoming due and payable less than six years before the filing of the petition in bankruptcy. See In re Ray, Fed. Cas. No. 11,589. These should be paid, except in case of property, if there be any, which has been sold on mortgage foreclosure subject to taxes. In that event, on the authority of In re Veitch, supra, no preference should be allowed.

So ordered.