## BROWN & ADAMS v. UNITED BUTTON CO.

(Circuit Court of Appeals, Third Circuit. November 10, 1906.)

### No. 19.

1. BANKRUPTCY—PROVABLE CLAIMS—DAMAGES FOR TORTS.

A claim for unliquidated damages resulting from injury to the property of another, not connected with or growing out of any contractual relation, is not provable in bankruptcy, under the existing law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 480.]

2. SAME—INJURY TO. PERSONAL PROPERTY BY NEGLIGENCE OR NUISANCE.

Where, therefore, wool dealers had a warehouse for the storage of wool, which adjoined a building formerly used by the bankrupt as a factory, the two being simply separated by a party wall, and by reason of excessive heat from the furnaces of the bankrupt, which penetrated through the wall, their wool was dried out and damaged, losing weight and depreciating in price, in consequence, a claim for damages for the loss, treating it either as the result of negligence or nuisance, was not provable against the bankrupt's estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 480.]

3. SAME—PROVABLE DEBTS—BANKRUPTCY ACT OF 1898—SECTION 63, SUBSECS. a, b, CONSTRUED.

The debts which may be proved under Bankr. Act July 1, 1898, as specified in section 63, subsec. a, 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p.· 3447], are fixed liabilities as evidenced by a judgment or an instrument in ·writing absolutely· owing, whether payable immediately or not; taxable costs in certain cases; and claims upon open account or upon contract, express or implied. And while it is further provided by subsection b that "unliquidated claims against the bankrupt may, pursuant to application to the court be liquidated in such manner as it may direct, and may·therefore be proved and allowed against his estate," this does not ·make claims for unliquidated damages provable generally, nor, indeed, add anything to the class of debts which may be proved according to the preceding subsection, but has merely to do with a matter of procedure, ·as to: how unliquidated claims, founded upon open account or contract, previously· specified, may be liquidated or made certain.

4. SAME—CONSTRUCTION OF STATUTES—CONFLICTING PROVISIONS—SECTIONS DEALING WITH SPECIAL SUBJECT—SECTION 63 AND SECTION 17 OF BANKRUPTCY ACT OF 1898 CONSIDERED.

Nor are the debts which may be proved in bankruptcy under section 63 of the existing act (Bankr. Act. July 1, 1898, 30 Stat. 562, c. 541 [U. S. ·Comp. St. 1901, p. 3447]) enlarged by the fact that it is assumed, in section 17 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3429]), regulating the effect of a· discharge,·that liabilities for. torts are provable and so discharged, certain specified torts being thereupon excepted from the effect of a discharge;·the want of harmony in this respect, between the two sections, being the result of the changes ·made in that section by the amendment·of 1903; and, in case of conflict, section 63, which is devoted specifically·to what debts are made·provable, being controlling.

Appeal from the District Court of the United States for the District of Delaware.

For opinion below, see 140 Fed. 495.

William R. Sears, for appellants.

Benjamin Nields, for appellee.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

ARCHBALD, District Judge. The question is whether a claim for unliquidated damages, resulting from injury to the property of another, not connected with or growing out of any contractual relation, is provable in bankruptcy. The appellants, Brown & Adams, are wool dealers in Boston, Mass., and have a warehouse there for the storage of wool which adjoins a building formerly used for a number of years by the United Button Company, bankrupt, as a factory; the two being simply separated by a party wall. Wool in storage needs to be kept at a cool and even temperature; and the charge is that, by reason of excessive heat from the furnaces of the button company which penetrated through the party wall, the wool of the appellants was dried out and damaged, losing weight and depreciating in price in consequence, to the extent of some $12,000. The button company was put into bankruptcy in August, 1904. Just when, prior to this time, the damages which are claimed accrued, is not made clear, but it is fair to assume that some at least was within the year, and the case will be disposed of upon that basis. Claiming that the button company is liable for this loss, treating it either as the result of negligence or nuisance, proof is sought to be made for it against the estate, liquidation of the damages being suggested through the medium of a bill in equity, now pending in the superior court for the county of Suffolk, Mass., brought by the appellants against the button company and its trustee. The claim was rejected by the district court without passing upon the merits, upon the ground that it was not provable, and the propriety of that ruling is the question here.

Bankruptcy is supposedly concerned only with commercial matters, and was early confined to traders. Loveland, § 3. And, while it has been gradually extended and enlarged, the original idea has not been altogether departed from. Its purpose is to free a person from his debts, or to subject him to proceedings on account of them. This may not be controlling, but it is suggestive; and a construction which goes outside of it has certainly to be justified.

By the bankruptcy act at present in force it is provided:

"Sec. 63. Debts Which May Be Proved.—a. Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; (2) due as costs taxable against an involuntary bankrupt who was at the time of the filing of the petition against him plaintiff in a cause of action which would pass to the trustee and which the trustee declines to prosecute after notice; (3) founded upon a claim for taxable costs incurred

in good faith by a creditor before the filing of a petition in an action to recover a provable debt; (4) founded upon an open account, or upon a contract express or implied; and (5) founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments." Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447].

This to all intents is complete in itself, being given up to an enumeration and specification of the debts which may be proved. It is, however, further provided in this same section:

"b. Unliquidated claims against the bankrupt may, pursuant to application to the Court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

As contradistinguished from the paragraph which precedes it, this subsection seems to be concerned with a mere matter of procedure, directing how a claim which is open and unsettled—such for instance as one "(4) founded upon an open account, or upon a contract express or implied" precedently specified—may be liquidated and made certain. And whether taken by itself, or with reference to the immediate context, this is the natural, if not the only, construction to be given to it.

It is contended, however, by the appellants, that it is in fact intended to cover an additional and distinct class of claims, the whole section, as indicated by its title, being devoted to the general subject of debts which are provable; the one subsection (a) dealing with those which are of a fixed and more or less absolute character, such as judgments, costs, bills, notes, and accounts, and the other (b) with those which require to be liquidated, such as damages for torts; the word "debt," as defined by the act—section 1 (11)—including a "demand or claim," and being thus broad enough to embrace both. This construction, moreover, is made necessary, as it is said, in order to bring the section into harmony with other parts of the act.

To the contrary of this, however, it is declared in Dunbar v. Dunbar, 190 U. S. 340, 350, 23 Sup. Ct. 757, 761, 47 L. Ed. 1084, that:

"This paragraph, 'b,' * * * adds nothing to the class of debts which might be proved under paragraph 'a' of the same section. Its purpose is to permit an unliquidated claim, coming within the provisions of section 63 a, to be liquidated as the court should direct."

It is true that this is somewhat aside from the immediate question before the court, which was whether a discharge in bankruptcy operated to release a contingent liability, such as an annuity, which a husband upon his divorce agreed to pay to his wife for the support of herself and their minor children. But it is not to be assumed that a construction deliberately announced in this way was not considered by the whole court, or went out unadvisedly, so as to stand as mere dictum. The law is as it is declared to be by the Supreme Court speaking by one or the other of its judges, and is not to be put aside upon any such suggestion, except as there is no other alternative. That the question is still open and undisposed of, however, notwithstanding what is so held, is confidently affirmed upon the strength of Crawford

*v.* Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, where in discussing this section of the act it is said:

"Paragraph 'a' * * * includes debts arising upon contracts, express or implied, and open accounts, as well as for judgments and costs. As to paragraph 'b,' two constructions are possible: It may relate to all unliquidated demands, or only to such as may arise upon such contracts, express or implied, as are covered by paragraph 'a.' "

It is upon the latter expression that the appellants particularly rely. But whatever encouragement, standing by itself, it may seem to lend, the court is careful to add:

"Whether the effect of paragraph 'b' is to cause an unliquidated claim, which is susceptible of liquidation, but is not literally embraced by paragraph 'a,' to be provable in bankruptcy, we are not called upon to decide, as we are clear that the debt of the plaintiff was embraced within the provisions of paragraph 'a' as one 'founded upon an open account, or upon a contract express or implied,' and might have been proved under section 63 a had plaintiff chosen to waive the tort, and take his place with the other creditors of the estate."

Taking it altogether, therefore, this utterance does not seem to carry us very far.

Assuming, however, that the question is an open one, let us see to what an independent consideration of it leads. The argument is that the right to prove must, in justice, be coextensive with the release to be obtained, and that, as it is plainly provided (section 17) that the bankrupt shall be discharged from liability for all but certain excepted torts, it must be that all which are not so excepted are entitled to come in. As said by Mr. Justice Brown, in Crawford v. Burke, supra:

"It certainly could not have been the intention of Congress to extend the operation of the discharge under section 17 to debts that were not provable under section 63a."

The one section, according to this, is to be read in the light of the other, and that construction adopted which will consist with both. Care is to be taken, however, in this comparison, not to reverse the order of importance in which they are to be considered. Nor in case of conflict to press the argument too far. If any section is controlling in this regard, it is the section which declares what debts are provable, and not the contrary. It is not so much, in other words, that a tort of the character which we have here is discharged by the one, as that it is made provable by the other, that gives it a standing against the estate. Even if the one were true of it and not the other, the right to come in would not be established, it being possible that there is a lapse in the law in this respect, the result of imperfect adjustment, upon amendment; a conclusion to be avoided, if it can be, but not at the expense of that part of the statute which must necessarily govern.

The strength of the argument in favor of claims for torts being provable, as is thus intimated, resides in the section with regard to discharges, where it is provided:

"Sec. 17. Debts not Affected by a Discharge.—a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or mu-

nicipality in which he resides; (2) are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

As originally passed, instead of the word "liabilities," in clause 2, were the words "judgments in actions"; and after the word "for" were the words "frauds, or"; while nothing whatever was said as to alimony, maintenance, seduction, or criminal conversation. Claims grounded in fraud or the other causes of action specified had, therefore, as the law then stood, to be reduced to judgment in order to be saved from the effect of a discharge. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Bullis v. O'Beirne, 195 U. S. 606, 25 Sup. Ct. 118, 49 L. Ed. 340. The reason why this distinction was made is not clear, but it was probably, as suggested, in order to avoid the temptation to claimants to try and bring their cases within the exception, and to do away with the necessity for going into conflicting evidence in order to do so. Other cases of false pretense, misrepresentation, or willful and malicious injury, not so protected, were thus apparently left to be released by a discharge. And, as the distinction is now removed by the substitution of the word "liabilities" for "judgments," and the exception still further enlarged by the addition of seduction and criminal conversation, the argument is that all torts not so excepted, being left to be operated upon by a discharge, must have the reciprocal right to come in and be proved against the estate, if a manifest inconsistency, not to say injustice, is to be avoided. It must be confessed that this is not easy to meet. Seduction and criminal conversation are torts, pure and simple, and cannot be resolved away, like some, as being possibly tied up to a contract. And if it was considered necessary to except these by name, without which a discharge would release them, why are not other torts such as the one which we have here, growing out of negligence or nuisance, in the same situation? Slightly modifying the words of Mr Justice Brown in Crawford v. Burke, supra: If no tort could be made the basis of a provable debt, why were certain torts excepted? Nor is the force of this weakened by the fact that, according to the decision in Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, criminal conversation, at least when reduced to judgment, was already taken care of, the same as maintenance and alimony, as to which, to that extent, the amendment of 1903 may be regarded as merely declaratory. Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009; Dunbar v Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390.

It is to be observed, however, that the construction which is contended for grows out, not of positive, but exceptive, legislation. It is not declared what debts shall be released, but what shall not be.

And they must, in terms, be first provable, in order to be excepted, and not the contrary. The only difficulty that is experienced, also, is with regard to the changes introduced by the amendment of 1903, in part, as we have seen, unnecessary; as to which, it may well be that in providing, out of extra caution, that certain things should not be discharged, care was not taken to note the possible effect upon other parts of the law, or to adjust them to this, producing the present want of harmony. For, after all has been said, it must be recognized that there is a want of harmony between these two different parts of the statute, not, indeed, as originally enacted, but now, as they stand, after amendment. The one section (17) with regard to the effect of a discharge assumes that torts generally are provable and proceeds accordingly; while the other (63) makes no provision for anything of the kind, except by a construction which it is safe to say was not in contemplation when it was passed, and cannot consistently be read into it. The true view to be taken of it has been already indicated. The first of the two paragraphs into which it is divided is given up to an enumeration of the debts which are entitled to be proved against the estate, among which is to be found everything in the way of a fixed obligation, or which, as being of a commercial character, a bankrupt could expect to be relieved from; and, complete in itself, it is not to be added to. The other paragraph plainly has to do with a mere matter of procedure; how unliquidated claims founded upon open account or contract, specified in the preceding paragraph, may be liquidated or settled. Nor can it properly be made to serve any other purpose. Argument may amplify this, but cannot make it clearer. And as so interpreted a claim for damages, such as the one before us, is not included among debts which are made provable. This, if not the latest deliverance of the statute (the amendment of 1903 having to be accorded that position), as the one devoted specifically to the subject, must control. 26 Am. & Eng. Encycl. Law (2d Ed.) 68.

It may be that the conclusion which is so reached, if it is to abridge correlatively the effect of a discharge, is not altogether favorable to the bankrupt, who is interested in being relieved from his liabilities to the fullest extent possible. But this question is not before the court, and it will be time enough to meet it when it is.

There was no error, therefore, in the rejection of the appellants' claim, and the judgment is affirmed.

GRAY, Circuit Judge (concurring). While concurring in the result reached by the majority of the court, and to some extent in the reasoning employed in reaching that result, I am constrained to think that the ratio decidendi of the court below is that upon which our decision should rest. Without attempting to amplify or paraphrase the opinion of the learned judge of that court (In re United Button Co. [D. C.] 140 Fed. 495), it is sufficient, in referring to section 17, to again note that the debts which "a discharge in bankruptcy shall release," are such debts only as are provable under section 63, and the debts which are excepted from discharge, being among others liabilities for certain torts, are also necessarily provable debts. If it be said that "wilful and malicious injuries to the person or property of an-

other," and "seduction" or "criminal conversation" are torts, pure and simple, and as such incapable of liquidation and proof under section 63, it may be replied that liabilities for such torts, when reduced to judgment, are provable, and come within the classification of section 17a (2) as "liabilities" for certain torts. Be this as it may, it is true, however, that even if, out of abundant caution, certain of the torts, which are included in the excepting clause could not have been liquidated and proven under section 63, still the fact that the excepting clause in this respect overlaps provable debts and includes some that are not provable, does not nullify the qualifying effect of the word "provable," as limiting the debts to be excepted, as well as these which are discharged by section 17, and, as said in the majority opinion of this court, cannot serve to abrogate or qualify the description of provable debts as contained in section 63.

In this view, the two sections, 63 and 17, are not necessarily irreconcilable.