HECOX v. TELLER COUNTY et al.

In re ECONOMIC GOLD EXTRACTION CO.

(Circuit Court of Appeals, Eighth Circuit. August 3, 1912.)

No. 3,475.

BANKRUPTCY (§ 346*)—CLAIMS—PRIORITIES—TAXES—"DUE AND OWING."

Within the meaning of Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), which provides that a trustee shall pay "all taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality in advance of the payment of dividends to creditors," taxes on property of a bankrupt are "due and owing" by the bankrupt, although, as in Colorado, an action cannot be maintained for their collection, but resort must be had to the property. Nor does the fact that the property has been struck off to the county for the taxes for want of bidders, as provided by Rev. St. Colo. 1908, § 5713, or that it was surrendered by the trustee to a mortgagee, deprive the county of the right to their preferred payment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. § 346.*

For other definitions, see Words and Phrases, vol. 3, pp. 2213–2220; vol. 8, p. 7643.]

Appeal from the District Court of the United States for the District of Colorado.

In the matter of the Economic Gold Extraction Company, bankrupt. From an order requiring him to pay taxes to Teller County, Colo., Roy C. Hecox, trustee, appeals. Affirmed.

Ernest Morris (William W. Grant, Jr., on the brief), for appellant.

Tully Scott (Thomas, Bryant, Nye & Malburn, on the brief), for appellees.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

SMITH, Circuit Judge. March 18, 1907, the Economic Gold Extraction Company was adjudged an involuntary bankrupt by the District Court of the United States for the District of Colorado, and on April 26, 1907, Harry Hendrie, treasurer of Teller county, Colo., made application for an order to pay the sum of $3,207.43, being taxes alleged due from the bankrupt before the adjudication of bankruptcy. The trustee made objection to the order, first, because the property upon which they were levied had been offered for sale and struck off to Teller county, and it still held the certificate of purchase therefor; second, because the trustee had under an order of the District Court released the real estate upon which the taxes were levied to the holder of an incumbrance thereon and the taxes followed the land. The referee allowed the claim and his action was confirmed by the District Court, and the trustee appeals.

The case involves a consideration of section 64a of the bankruptcy law:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality in advance of the payment of dividends to creditors."

Taxes are not debts in the ordinary sense of that word. Lane County v. Oregon, 7 Wall. 71, 19 L. Ed. 101. They are imposts levied for the support of government, or for some special purpose authorized by it. Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197; New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284. It is the duty of every person subject to taxes in Colorado to attend at the county treasurer's office and pay his taxes. Section 5675, R. S. Colo. 1908.

"If there shall be no bid for any tract offered the treasurer shall pass it over for the time and shall reoffer it at the beginning of the sale next day until all the tracts are sold or until the treasurer shall become satisfied that no more sales can be effected when it shall become his duty to strike off to the county the lands and town lots remaining unsold for the amount of such taxes, interest and costs thereon." Section 5713, R. S. Colo. 1908.

By section 5726, R. S. Colo. 1908, the county treasurer is authorized to sell, assign, and deliver the certificate to any person upon payment to the treasurer of the amount for which the property was bid in by the county, with interest and penalties accrued thereon and $1 for making the assignment. But the law does not contemplate any deed to the county.

In Montezuma Valley Co. v. Bell, 20 Colo. 175, 36 Pac. 1102, it was held that the remedies prescribed by the statute for the collection of taxes are exclusive, and a suit cannot be maintained to recover them. In Mitchell v. Mennequa Town Co., 41 Colo. 367, 92 Pac. 678, it was held that the rule of caveat emptor applies to a tax sale, and if it be void no action will lie against the county. That was the sole question in that case, but the court reviews the prior authorities, and refers at length to the case of Montezuma Valley Co. v. Bell.

It does not follow that taxes are not due and owing from the citizen because they are not debts upon the one hand, or because the state has prescribed some method exclusive in its character for their collection.

"It is, however, the individual and not his property which pays the tax, although the property is resorted to for the purpose of ascertaining the amount of the tax and for the purpose of enforcing its payment where the owner makes default." 37 Cyc. 710.

It will be conceded that when the property is thus resorted to, and the property is sold to a third person, the public have been paid, and they have no right to ask payment again, and the person who has bid the property in is not the United States, state, county, district, or municipality, and there is no provision for payment to him, and he is not entitled to preference upon the ground of subrogation, or for any other reason. The question is not whether the county could sue the Economic Gold Extraction Company before or after sale.

This case arises under the bankruptcy law, which provides that taxes shall be ordered paid, if legally due and owing by the bankrupt, and the right, if any, arises under the federal statute.

Some states hold that taxes are debts, and these and perhaps others hold that a suit will lie for their collection against the owner; while others, like Colorado, hold the statutory means for their collection is exclusive of a suit. If upon this question turned the right to the

order prescribed in section 64a of the bankruptcy law, then no taxes could be collected at all of a trustee in Colorado and similar states, while they could all be collected in such states as permit of a suit against the taxpayer. The truth is that the question of the right to sue has nothing whatever to do with the question of whether the taxes are legally due and owing. In Colorado, as a suit will not lie for taxes before sale, of course, none will lie after sale; but there is no case in Colorado holding there is anything in a tax sale, either to third parties or the county, which would change, much less abolish, the liability for the taxes. If the sale is to a third person, there is a change in the party entitled to the taxes. It has been held that a sale to the public does not change the liability, where the taxpayer is personally liable. In re Stalker (D. C.) 123 Fed. 961; In re Elsner, 86 App. Div. 207, 83 N. Y. Supp. 670. In the Circuit Court of Appeals of the Fifth Circuit, it was held in City of Waco v. Bryan, 127 Fed. 79, 62 C. C. A. 79, that the taxes must be paid from bankrupt estates, although they are a lien upon real estate which did not come into the hands of the trustee; and the Circuit Court of Appeals of the Sixth Circuit in Chattanooga v. Hill, 139 Fed. 600, 71 C. C. A. 584, 3 Ann. Cas. 237, held that taxes must be ordered paid independently of whether they were secured by lien or not. In that case, as in this, the most of the property taxed was mortgaged so heavily that it had been relinquished by the trustee to the mortgagee. The court said:

"The bankrupt might have paid all taxes immediately prior to the filing of a petition by or against him. This would not have been a preference. The law means that the trustee shall do what the bankrupt might have done, and what good citizenship required him to do."

In Re Tilden (D. C.) 91 Fed. 500, it was held the trustee must pay taxes upon the homestead, which was exempt and never passed to the trustee.

Under the statutes of Colorado the county was not a volunteer; but, as soon as the treasurer became satisfied that no one would bid on this property, he was required to, and did, strike it off to Teller county. The only effect of this provision was to enable the county to sell the certificate if it could find a purchaser. It in no wise paid the taxes. They were still due by the same party and to the same party, and that party was one of those entitled to preference under the bankrupt law; nor could the trustee, by relinquishing the property to the mortgagee, with or without consent of court, in a proceeding to which the county was not a party, destroy the county's right to preferential payment.

The decree of the District Court was correct, and is affirmed.