KAW BOILER WORKS et al. v. SCHULL et al.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

No. 4485.

BANKRUPTCY ☞74—PERSONS WHO MAY BE ADJUDGED INVOLUNTARY BANKRUPTS—AMOUNT OF DEBTS—"DEBT."

Bankr. Act July 1, 1898, c. 541, § 1 (11), 30 Stat. 544 (Comp. St. 1913, § 9585), defines a "debt" as including any debt, demand, or claim provable in bankruptcy. Section 4b provides that any natural person owing debts of $1,000 or over may be adjudged an involuntary bankrupt. Section 17a enumerates, among debts not affected by a discharge, such as are due, as a tax levied by the United States, the state, county, district, or municipality. Section 63a authorizes the proof of debts founded upon open accounts or contracts, express or implied. Section 64 defines debts which have priority, and directs that the court shall order the trustee to pay all taxes legally due and owing. *Held*, that taxes on personal property due when proceedings in bankruptcy are begun are quasi contractual, and are provable debts, to be included in determining whether an alleged bankrupt's debts amount to $1,000.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 108; Dec. Dig. ☞74.

For other definitions, see Words and Phrases, First and Second Series, Debt.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Bankruptcy proceeding by the Kaw Boiler Works and others against Perry A. Schull and another. From an order dismissing the bankruptcy petition, the petitioning creditors appeal. Reversed, with directions.

The appellants filed a petition seeking an involuntary adjudication in bankruptcy of the appellees, partners doing business under the firm name and style of "White Star Laundry." Among the defenses pleaded by the appellees was a denial that the partnership owed debts amounting to $1,000. The matter was referred to a special master, who found that the whole indebtedness of appellees was $1,028.51, of which amount the sum of $62.35 was for taxes due the state, county and city for the years 1911 and 1912, levied on the personal property of the appellees, and which was past due. His conclusion was that "taxes due the city, county and state in the state of Missouri are not provable debts under the Bankruptcy Act, and do not constitute indebtedness to be considered in determining the question as to whether the total indebtedness of the

alleged bankrupt be the minimum amount fixed by the act." Exceptions by the appellants to the special master's conclusion of law were by the District Court overruled, and, the petition to have the appellees adjudicated involuntary bankrupts dismissed. From this order this appeal is prosecuted.

John B. Gage, of Kansas City, Mo. (Thomas H. Edwards and Frank Schibsby, both of Kansas City, Mo., on the brief), for appellants.

M. L. Friedman, of Kansas City, Mo. (I. J. Ringolsky, of Kansas City, Mo., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

TRIEBER, District Judge (after stating the facts as above). The only question in issue is whether taxes on personal property, due when proceedings in bankruptcy are begun, are debts to be considered in determining the amount of the indebtedness of the alleged bankrupt, which is necessary to maintain a proceeding for involuntary bankruptcy. Ordinarily taxes are not considered strictly as debts. As stated by this court in Crabtree v. Madden, 54 Fed. 426, 4 C. C. A. 408:

"They do not rest upon contract, express or implied. They are imposed by the legislative authority, without the consent and against the will of the persons taxed, to maintain the government, protect the rights and privileges of its subjects, or to accomplish some authorized, special purpose."

Does this definition apply to proceedings in bankruptcy? By reference to the Bankruptcy Act we find that section 1, which defines the meaning of words and phrases used in the act, provides:

(11) "Debt shall include any debt, demand, or claim provable in bankruptcy."

Section 4b of the act provides:

"Any natural person * * * owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt."

Section 17a enumerates debts not affected by a discharge, and among them:

"Except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides."

Section 63a provides among other debts which may be proved:

"Such as are founded upon open accounts or upon contracts express or implied."

Section 64 defines debts which have priority and directs that:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors."

As the trustee is expressly directed by the act to pay the taxes due to the United States, the state, or any of its subordinate public agencies, as a preferred claim, it certainly recognizes it as a liability of the bankrupt, and being such a liability we can conceive of no valid reason why taxes on the personal property of the bankrupts, and which are then due or past due, should not be treated as provable debts,

within the meaning of the Bankruptcy Act. They certainly are quasi contractual. Judge Keener in his valuable work on Quasi Contracts, page 16, says:

"A statutory obligation which does not rest upon the consent of the parties is clearly quasi contractual in its nature."

In Hecox v. Teller County, 198 Fed. 634, 117 C. C. A. 338, this court, after holding that taxes are not in a strict sense "debts" .proceeded:

"But it does not follow that taxes are not due and owing from the citizen because they are not debts upon the one hand or because the state has prescribed some method exclusive in its character for their collection."

While the trustee may be authorized to pay the taxes due without the formal proofs required for ordinary debts, the authorities seem to be quite uniform that taxes are provable debts within the meaning of the Bankruptcy Act.

In Re Sherwoods, 210 Fed. 754, 127 C. C. A. 304, it was held:

"While taxes are not in a strict sense 'debts, they are so regarded in the Bankruptcy Act, and they are 'legally due and owing' on the day they are assessed, even though they may not be payable until after adjudication."

The court in that case cited with approval In re Flynn (D. C.) 134 Fed. 145, and In re Fisher & Co. (D. C.) 148 Fed. 907.

In Re Flynn Judge Lowell held that where the tax was assessed against the bankrupt's property prior to his being adjudged a bankrupt, it is due and legally owing within the provisions of the Bankruptcy Act, which made such taxes preferred claims against the bankrupt's estate.

In Re Fisher & Co., the same conclusion was reached, and this is the view of nearly all text-books on the Bankruptcy Act. Collier on Bankruptcy (10th Ed.) p. 8; Remington on Bankruptcy, § 701; Loveland on Bankruptcy, § 586.

The statutes of Missouri relating to the administration of the estates of deceased persons, contain provisions very similar to those in the Bankruptcy Act, making it the duty of the administrator to pay all taxes due from the estate. Another section of the statute provides for their payment as preferential over other debts.

In State ex rel. v. Mississippi Valley Trust Co., 209 Mo. 472, 108 S. W. 97, the court in a very able opinion held that, while it was not necessary to determine in that case, whether taxes are technically a debt or not, for the purpose of allowance against the estates of deceased persons and classification, they may properly be treated as debts. See, also, Midland Guaranty & Trust Co. v. Douglas County, 217 Fed. 358, 133 C. C. A. 274; Millett v. Early, 16 Neb. 266, 20 N. W. 352.

The fact that a discharge in bankruptcy does not relieve the bankrupt from a tax due the United States, or the state, does not prevent its being a provable debt. Section 17 of the Bankruptcy Act enumerates other liabilities and debts which, although provable, are not affected by a discharge.

In United States v. Herron, 20 Wall. 251, 256, 22 L. Ed. 275, which arose under the Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), which contained provisions similar to those in the present act, sections 5067 to 5072 and section 5001, Rev. Stat., it was said by the court:

"Taxes, whether federal or state, may be collected in the ordinary mode, but if not collected and the property of bankrupt passes to and is administered by the assignee, the taxes are then entitled to the priority and preference, provided in the same section of the Bankrupt Act."

And it was expressly held in that case that the fact that a discharge in bankruptcy does not relieve the bankrupt from liability of a debt, does not prevent it from being provable. In Re United Button Company (D. C.) 140 Fed. 495 (affirmed in 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. [N. S.] 961, 9 Ann. Cas. 445), the court in construing section 17 of the act said:

"The exception [in section 17] necessarily relates to provable demands, and, to indulge in tautology, is equivalent to the phraseology, 'except such provable debts, demands and claims against the bankrupt as are by the act excepted.' It is doubtless true that the words 'provable debts' in section 17 are there used in a sense broad enough to include, in the case of taxes, demands against a bankrupt which, although not strictly or technically 'provable,' are nevertheless allowable out of his estate. * * * Thus the taxes enumerated in section 17, 'legally due and owing by the bankrupt,' by section 64 are directed to be paid out of the estate, by section 17 are recognized as 'provable debts,' and are demands of a quasi contractual nature. While strict or technical 'proof' of them is not required, although often presented, there can be no doubt that they are to be treated as provable debts or demands embraced in the class 'founded upon an open account, or upon a contract express or implied.' "

In Crawford v. Burke, 195 U. S. 176, 193, 25 Sup. Ct. 9, 13 [49 L. Ed. 147], the court said:

"We think that section 63a, defining provable debts, must be read in connection with section 17, limiting the operation of discharges. * * * We are, therefore, of opinion that if a debt originates or is 'founded upon an open account or upon a contract, express or implied,' it is provable against the bankrupt's estate. * * * It certainly could not have been the intention of Congress to extend the operation of the discharge under section 17 to debts that were not provable under section 63a."

In our opinion taxes are provable debts within the meaning of the Bankruptcy Act, and, therefore, in computing the indebtedness of an alleged bankrupt they should be included.

The order of the District Court is reversed with directions to proceed in conformity with the views herein expressed.

Reversed.