## UNITED STATES v. BERNSTEIN.

(Circuit Court of Appeals, Eighth Circuit. November 22, 1926.)

No. 292, Orig.

1. Bankruptcy ⚫⟶314(6)—Taxes are not "debts" in the ordinary sense, within Bankruptcy Act (Comp. St. § 9585 et seq.).

Taxes are not debts in the ordinary sense, but, being quasi contractual in their nature, are provable as such under the provisions of the Bankruptcy Act (Comp. St. § 9585 et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

2. Bankruptcy ⚫⟶314(6), 400(4)—United States held to have right to prove tax claim, and as creditor to object to trustee's determination of bankrupt's claim of exemption (Bankruptcy Act, §§ 1, 17, 63a, 64 [Comp. St. §§ 9585, 9601, 9647, 9648]; General Order No. 17).

Under Bankruptcy Act, §§ 1, 17, 63a, 64 (Comp. St. §§ 9585, 9601, 9647, 9648), and General Order No. 17, the United States, hav-

ing claim against bankrupt for income taxes, though not compelled to do so, held to have the right to prove its debt, and as a creditor to object to trustee's determination of bankrupt's claim of exemption.

3. Bankruptcy ⚫⟶400(4)—Government, proving tax claim as creditor, must take exception to trustee's determination of bankrupt's claim of exemption within time allowed by general order (Bankruptcy Act, §§ 63a, 64 [Comp. St. §§ 9647, 9648]; General Order No. 17).

Under Bankruptcy Act, §§ 63a, 64 (Comp. St. §§ 9647, 9648), where the United States proved its claim for taxes as a debt, it was required, as any other creditor, to object to trustee's determination of bankrupt's claim of exemption within time allowed by General Order No. 17.

4. Bankruptcy ⚫⟶400(4)—United States held not entitled to object to exemption allowed bankrupt on ground that state taxes were not paid (Comp. St. Neb. 1922, §§ 9035, 9038).

United States held not entitled to object, under Comp. St. Neb. 1922, §§ 9035, 9038, to exemption allowed bankrupt, on ground that state taxes were unpaid.

Petition to Revise Order of the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of the bankruptcy of Harry Bernstein. On petition of the United States to revise an order of the District Court, overruling an order of the referee, and ratifying and approving homestead exemption allowed by trustee. Order sustained, and petition dismissed.

Ambrose C. Epperson, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., Andrew C. Scott, Asst. U. S. Atty., and George A. Keyser, Asst. U. S. Atty., all of Omaha, Neb., on the brief), for the United States.

Herman Aye, of Omaha, Neb. (J. D. Cranny, of Omaha, Neb., on the brief), for respondent.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and CANT, District Judge.

VAN VALKENBURGH, Circuit Judge. The respondent was adjudged a bankrupt in the District Court for the District of Nebraska, October 28, 1924, and the matter was duly referred to the referee in bankruptcy at Omaha. January 10, 1925, the collector of internal revenue for the district of Nebraska filed the claim of the United States against said bankrupt for income taxes in the sum of $4,605.36. February 26th the duly appointed trustee reported to the referee that he had set off $500 in lieu of homestead as

exempt to the bankrupt. June 22, 1925, the United States filed exceptions to this report of the trustee. Thereafter, upon hearing, the referee in bankruptcy entered an order disapproving said allowance and refusing to set the same aside as exempt. On review in the District Court the order of the referee was overruled, and the report of the trustee ratified and approved. It is to revise this action of the court that this proceeding is instituted.

The contention of the government is that under the bankruptcy law federal taxes must be paid before exemptions are set aside to the bankrupt, and, in this connection, that under the laws of Nebraska there are no exemptions from taxes, state or national. It is conceded that section 9035 of the Compiled Statutes of Nebraska 1922 provides that all heads of families who have neither lands, town lots, nor houses subject to exemptions as a homestead under the laws of that state, shall have exempt from forced sale on execution the sum of $500 in personal property, except wages; but it is urged that said section 9035 must be read in connection with section 9038, which provides that "nothing in this article shall be considered as exempting any real or personal property from levy and sale for taxes."

Respondent relies upon section 6a of the Bankruptcy Act (Comp. St. § 9590), which reads: "This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition"—and contends that the proviso of section 9038 of the Nebraska Statutes which provides that property set aside under section 9035 shall not be exempt from levy and sale for taxes, applies only to state and local taxes, and not to those due the United States. It is further urged by counsel for respondent that, when the United States filed its claim for taxes, whether required to do so or not, it laid aside its sovereign character, became a party to the proceeding, and is bound by the rules applicable thereto; that under General Order XVII the referee had neither power nor jurisdiction to review the action and report of the trustee setting apart the exemption of $500, unless and until exceptions to the determination of the trustee were filed within 20 days after the filing of the report.

Section 9038 of the Statutes of Nebraska has received no interpretation at the hands of the Supreme Court of that state to which our attention has been called, and, for reasons hereinafter stated, we find it unnecessary to anticipate construction by that court. In our judgment, the conceded priority of the claim of the United States for taxes due, in absence of valid exemption under state law, is not decisive of this controversy.

By section 1 of the Bankruptcy Act (Comp. St. § 9585) the term "creditor" shall "include any one who owns a demand or claim provable in bankruptcy." The term "debt" shall "include any debt, demand, or claim provable in bankruptcy." Collier on Bankruptcy, vol. 1, pp. 1, 2.

Section 63a of the Act (Comp. St. § 9647), under the heading "Debts Which May Be Proved," includes:

"(1) A fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not. * * *"

(4) Claims "founded upon an open account or upon a contract express or implied. * * *"

Section 64 (Comp. St. § 9648) under the heading "Debts Which Have Priority," provides:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district, or municipality in advance of the payment of dividends to creditors, * * * and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

Commenting upon this section Mr. Collier says:

"In the case of income taxes, it seems that notice to the taxing power is necessary, or at least a proper condition precedent to any action by the trustee, and that after the government has received notice it must file a claim for taxes if it desires to share in the estate; that it cannot stand by, after it has been granted permission to file its claim and expect to subsequently collect the tax from the bankrupt or his trustee"—citing Matter of Anderson (C. C. A. 2), 279 F. 525. Collier on Bankruptcy, vol. 2, pp. 1447, 1448.

[1] General Order No. XVII of the Supreme Court provides that the trustee shall make report to the court of his action setting aside exemptions to the bankrupt, and that any creditor may take exceptions to the determination of the trustee within 20 days after the filing of the report. It is undoubtedly held that taxes are not debts in the ordinary sense. New Jersey v. Anderson, 203 U. S. 483–492, 27 S. Ct. 137, 51 L. Ed. 284; Lane County v. Oregon, 7 Wall. 71, 19 L. Ed. 101; Meri-

wether v. Garrett, 102 U. S. 472–513, 26 L. Ed. 197; Hecox v. Teller County (C. C. A. 2) 198 F. 634, 117 C. C. A. 338. Whether they are such under the Bankruptcy Act for some purposes and to the extent of constituting a demand or claim provable in bankruptcy is another question. The District Court for the District of Delaware (In re United Button Co., 140 F. 495, 502, 503) considers this phase of the matter. It says:

"A tax is not strictly a debt. It lacks the nature of a debt in that, though for a sum certain, it is not founded upon any agreement or assent of the person or persons against whom it is assessed, but is a burden for public purposes imposed in invitum. As an obligation or duty created by statute to pay money, however, it is quasi contractual. * * * Keener, in his work on Quasi Contracts, p. 16, states that 'a statutory obligation which does not rest upon the consent of the parties, is clearly quasi contractual in its nature.' * * * Thus the taxes enumerated in section 17 [Comp. St. § 9601], 'legally due and owing by the bankrupt,' by section 64 are directed to be paid out of the estate, by section 17 are recognized as 'provable debts,' and are demands of a quasi contractual nature. While strict or technical 'proof' of them is not required, although often presented, there can be no doubt that they are to be treated as provable debts or demands embraced in the class 'founded upon an open account, or upon a contract express or implied.'"

This case was affirmed by the Circuit Court of Appeals for the Third Circuit. 149 F. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, 9 Ann. Cas. 445. Speaking of section 63 the court said:

"The first of the two paragraphs into which it is divided is given up to an enumeration of the debts which are entitled to be proved against the estate, among which is to be found everything in the way of a fixed obligation, or which, as being of a commercial character, a bankrupt could expect to be relieved from."

In re William F. Fisher (D. C.) 148 F. 907–912, Judge Lanning declares that "of course a tax is provable in bankruptcy." And this is the holding of the Circuit Court of Appeals for the Second Circuit. In re Sherwoods, 210 F. 754, 127 C. C. A. 304, Ann. Cas. 1916A, 940.

This court, in Kaw Boiler Works v. Schull et al., 230 F. 587, 144 C. C. A. 641, L. R. A. 1916E, 628, has held that taxes are provable debts within the meaning of the Bankruptcy Act, and cites Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147, to the effect that section 63a, defining provable debts, must be read in connection with section 17 (Comp. St. § 9601), limiting the operation of discharge, and that it could not have been the intention of Congress to extend the operation of a discharge under section 17 to debts that were not provable under section 63a.

That part of section 17 to which reference is made provides:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides."

This section would seem, in accordance with the ordinary meaning of language, to include taxes within the category of provable debts, and this would be decisive, unless deemed to be limited by section 63a, by which provable debts are expressly defined. The two sections are not necessarily inconsistent, if it be recognized that taxes are quasi contractual in their nature, and therefore fall under the head of contracts express or implied, and thus are provable claims as defined in section 63a. This conception seems more consistent with the definitions contained in section 1 of the Bankruptcy Act, which makes the term "debt" include, not only debts strictly so called, but any demand or claim provable in bankruptcy, and defines a creditor as one who owns such a demand or claim. Section 64, indirectly, at least, recognizes a tax claim as provable, because it provides that "in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." In this view, the various sections of the act, to which reference has been made, are rendered consistent and effective throughout.

Furthermore, this court (In re Minot Auto Co., 298 F. 853) has held that the United States is bound by the Bankruptcy Act, and that, when it enters one of its courts as a litigant, it lays aside its power, and to the same extent as other litigants must conform to court rules. The same view prevails in the Second Circuit. In re Anderson, 279 F. 525. That court holds that the United States is bound by the terms of the Bankruptcy Act, and upon notice served on the collector for the district the provisions of law "require the United States to file its claim within a time fixed, or otherwise be barred to the end that settlement of the estate may not be unreasonably delayed," and this although it is held that "the Bankruptcy Act does not contemplate that taxes should be proved like an ordinary debt." The same consideration is the underlying reason for the provision in Order No.

XVII that a creditor is limited to 20 days after the filing of the report of the trustee within which to take exception to his determination in the matter of exemption.

[2] In our judgment, therefore, within the purview of the Bankruptcy Act, the United States stood in the position of a creditor with a provable claim. The fact that it was not compelled to prove its claim, as in the case of an ordinary debt, does not alter this status. It had a right to prove its debt, and, as a creditor, to object to the determination of the trustee. Incidentally it may be observed that no question as to the integrity of its claim is here presented. The matter under consideration is the allowance of exemption.

[3] The petitioner did file its claim for allowance in the sum of $4,605.36. That it may not have been compelled to do so is immaterial. Some months later, when its exceptions were heard by the referee, its claim had not been allowed, although income taxes due in the sum of approximately $2,400 were conceded. The matter was, of course, for the determination of the court under the provisions of section 64 of the act. In its exceptions filed to the report of the trustee the United States is described as a creditor of the bankrupt and prays "that the hearing may be had upon such exceptions and that the same may be argued as provided in General Order No. XVII." It thus appears, that, whatever its obligation in law may have been, the petitioner submitted itself to the jurisdiction of the bankruptcy court as a litigant under the provisions of General Order No. XVII, and subject to the procedure therein prescribed. Its application came too late under the express provisions of the very general order to which it appealed. We may not depart from the procedure laid down by the Supreme Court of which petitioner has sought voluntarily to avail itself. The conclusion is irresistible that the report of the referee on this matter of exemption was no longer open to attack.

[4] It is further insisted by petitioner that, in case the court holds adversely to the government on the other grounds urged, "yet this bankrupt is not entitled to this exemption because there are state taxes still unpaid." The answer to this is that the state filed no exception to the report of the referee, and is not here complaining of the action of the District Court in setting off the property to the bankrupt.

It follows, from what has been said, that the order below must be sustained, and the petition to revise dismissed.

It is so ordered.